HENRY W. POWELL v. CHARLES Q. HALEY ET AL.

In an action of trespass to try title, which had been pending for five years, the defendant moved for a continuance, in order that his landlords, who were non-residents of the State, might be made parties to the suit: *Held,* that it was not error to overrule the motion and refuse the continuance, as the defendant was allowed to make all the defenses which his landlords could have made.

It was not error to admit in evidence against the defendant, who claimed as a tenant, his affidavit previously made that he believed the land in controversy to be public land, such affidavit being an admission of the defendant that, at the date of his affidavit, he did not rely on the title of his landlords.

A deed relied upon having been impeached by affidavit as a forgery, and the party offering it having adduced no evidence to sustain it, the exclusion of it from the jury was not error. (Paschal's Dig., Art. 3716, Note 840.)

If a party conceive that the charge of the court does not fully present to the jury the law of the case, it is his duty to ask the court to give in charge the law which he deems to be improperly omitted.

The fact that one of the jury was not sworn, being relied on as error, if the affidavit to that fact fail to show that the counsel of the party relying upon it was ignorant of it at the trial, the affidavit is insufficient.

A verdict must be sustained unless it clearly appear to be wrong.

Whatever is sufficient to put a party on inquiry is notice.

APPEAL from Navarro. The case was tried by W. F. DANIEL, Esq., a special judge, chosen by the parties because of the interest of Hon. NAT. M. BURFORD, the presiding judge.

Trespass to try title to the "Enoch Friar league" of land, instituted by Charles Q. Haley against Henry W. Powell and several other defendants, on the 11th of November, 1854.

The heirs of W. H. Harris, on the 2d of December, 1854, intervened, claiming to be the real owners of the land, by virtue of a conveyance from Friar to their ancestor, of date the 1st of January, 1838.

In November, 1855, the intervenors filed affidavits impeaching as forgeries the deed (which had been filed with notice) under which the plaintiff claimed, and the deed under which the defendant (Powell) claimed, which latter deed purported to have been executed by Enoch Friar to David Brown, on the 18th of December, 1840. This was under the act 13th May, 1846, to regulate proceedings in the district court. (Paschal's Dig., Art. 3706, Note 840.)

The plaintiff and all of the defendants, except Powell, abandoned the case before trial had. The presiding judge having been of counsel, W. F. Daniel, Esq., was agreed upon to try the cause.

The defendant (Powell) pleaded the limitation of three years, and suggested settlement in good faith, and valuable improvements to the amount of $5,000. On the 26th of April, 1860, he amended his answers, and alleged that Jean B. and Phanor Prudhomme were the legal and equitable

---

---

owners of thirty-two hundred acres of the land in contro-
versy; that he, the defendant, was only their tenant; that
the said Prudhommes were residents of the State of Louis-
iana, and had never been made parties to this suit, and
that neither this defendant nor any one else was author-
ized to represent them in this behalf. He prayed for
proper orders, &c., and moved for a continuance, which
was refused, and he excepted.

The case proceeded to trial on the same day, as between
the intervenors and Powell. The intervenors offered in
evidence an affidavit made by Powell, on the 19th of June,
1854, to the effect that he believed he had settled upon
public land of the State, and desired the benefit of the pre-
emption laws in regard thereto. This affidavit was made
under the 2d section of the act of February 13, 1854. (Pas-
chal's Dig., Art. 4342.) The defendant objected, that the
affidavit could have nothing to do with his settlement or
his intention in making it, and that, even if he believed at
the date of the affidavit that the land was vacant, he had a
right to buy his peace and secure his improvements. The
court overruled the objections and admitted the evidence,
to which the defendant excepted.

The defendant offered in evidence the deed from Enoch
Friar to David Brown, but it was excluded by the court
for the reason that "it had not been proved since the affi-
davit impeaching its validity." The defendant excepted.

The opinion of the court sufficiently indicates the sub-
stance of the remainder of the evidence upon which the
case turned.

There were a verdict and judgment in favor of the inter-
venors. The defendant moved for a new trial, assigning
several causes, and among them, that the court failed to
charge the jury that, if the land were outside of the colony,
by whose commissioner it had been granted, they could not
find for the intervenors. It was also assigned that one of
the jurors was not sworn, of which fact the affidavit of the

defendant was filed, wherein he averred his own ignorance of the fact, but omitted to allege that of his counsel. The motion was overruled, and the defendant appealed.

*William Croft*, for the appellant.

*D. M. Prendergast*, for the appellees.

DONLEY, J.—It is not perceived that the appellant was deprived of making any defense to the action that the Prudhommes, under whom he alleges to claim, could have made. The persons sought to be made parties were non-residents. It was not error to refuse a continuance of the cause for the purpose of making them parties.

The affidavit of the defendant, made on the 19th of June, 1854, was proper evidence to be considered by the jury as an admission of appellant that he did not rely upon the title derived from the Prudhommes, and the objection to the testimony was properly overruled.

It is assigned as error, that the court refused to admit the deed from Friar to Brown, and the intermediate deeds from Brown to the Prudhommes. Affidavits were made that the alleged deed from Friar to Brown was a forgery. There was no evidence given to sustain the deed, and it was properly excluded. The deed from Thouvenin to the Prudhommes, and the agreement between the appellant and the Prudhommes, were in evidence, and secured to appellant every right to which he was entitled under the charge of the court and the law, as fully as if the intermediate from Brown to the Prudhommes had been in evidence.

It is not perceived, from an inspection of the record, that the court erred in failing to charge the jury as to the effect of titles to a colonist for land outside of a colony for which they were granted. The court having charged the jury as to the law of the case, it was the duty of the appel-

lant, if he conceived that the law of the case had not been fully given to the jury, to have requested the court to give in charge the law which he conceived to be applicable to the cause, and which had been omitted in the charge of the court. If a proper charge had been asked and refused, it might avail him on appeal.

The matter is not so presented in the record as to require an opinion as to whether the charge should have been given, if requested, in the court below. It is believed that the omission of the judge to charge the jury upon the point presented is not such an error as to require the reversal of the cause.

The seventh error assigned is, that the court erred in neglecting to swear one of the jury. The affidavit does not show that his counsel was ignorant of the fact that the juror was not sworn, and is insufficient.

It is assigned for error that "the court erred in refusing to grant a new trial, upon the grounds alleged in the motion for a new trial and the affidavits accompanying the same." In looking to the motion for a new trial, there are eight points relied upon as entitling the appellant to a new trial. The assignment of errors in this cause is an imperfect compliance with the statute requiring errors to be assigned. It is believed that the only question that can arise under this assignment, not disposed of, is that the verdict is not supported by the evidence. The verdict being for the appellees, it must be sustained, unless it appear that it was without evidence. It has been settled by repeated decisions of this court that, in a conflict of evidence, the verdict must be sustained, unless it clearly appear to be wrong. (Biscoe v. Bronaugh, 1 Tex., 340; Baldwin v. Gordon, 24 Tex., 288.)

It is believed that the evidence is not of such a character as to show the verdict to be clearly wrong. Appellant was notified before he went upon the land that the title under which he proposed settling was doubtful, and it appears

that, in 1854, he did not rely upon the title of the Prud-hommes.    He makes an affidavit, on the 19th of June, 1854, that he believes he is settled upon public land.    The record, it is thought, does not present a case requiring the court to set aside the verdict.    Whatever is sufficient to put a party upon inquiry is notice.    (1 Story's Eq., § 400, 401.)

THE JUDGMENT IS AFFIRMED.