ADOLF FAULKNER v. WM. WARREN.

(No. 80, Tex. L. J., vol. 1, p. 173.)

APPEAL from Galveston County.   Opinion by WINK-LER, J.

§ 658. *Rents follow the title.*   Where property is sold during the time for which it is rented, it will hardly be questioned that the rents follow the title, unless, by some prior arrangement, the former owner had so incumbered the property as that possession could not be given without damage to some party.

§ 659. *Negotiable note bought before maturity.*   The purchase and possession of negotiable promissory notes would *prima facie* entitle the holder to recover and throw the burden of proof on the defendant of proving the failure of consideration and want of good faith and notice in acquiring the notes.

§ 660. *Lis pendens does not apply to negotiable instruments.*   The modern doctrine is that *lis pendens* does not apply to negotiable instruments.

§ 661. *Where the case is tried by the judge without a jury.*   "When a court is substituted for a jury, its decisions upon the facts have the same conclusive effect as the verdict of the jury." [Jordan v. Brophy, 41 Tex. 284.]

§ 662. *Notice.*   It is a settled rule of law that, in general, whatever is of a character calculated to put a prudent man upon inquiry as to the facts, binds him to the consequences of the facts which inquiry would have disclosed [1 Story's Eq. Juris. sec. 400 et seq.]; or, as tersely stated in Powell v. Haley, 28 Tex. 577, "whatever is sufficient to put a party upon inquiry is notice."

§ 663. *Evidence; conflict in.*   The practice is settled that in case of conflicting evidence, or where the verdict (or judgment, instead of verdict) is not shown to be clearly wrong, the judgment will not be reversed on these grounds, as has uniformly been held.   [Briscoe v.

Bronaugh, 1 Tex. 326; Baldwin v. Gordon, 24 Tex. 288; Powell v. Haley, 28 Tex. 52.]

January 19, 1878.　　　　　　　　　　Affirmed.