## No. 2785.

### R. A. JESTER *v.* THE STATE.

1. PETIT JURY.—A constitutional jury for the trial of causes in the district court consists of twelve persons.
2. BURGLARY—THEFT—INDICTMENT.—The charging clause of the indictment, in alleging the burglarious entry, as copied into the record, reads as follows: "Then and there by force break and enter a house," etc.,— omitting the essential word "did." *Held* that, if the said word is omitted in the original indictment, it is insufficient to charge burglary. Appearing, however, in the proper connection in the clause charging theft of certain articles the indictment is sufficient as an indictment for theft.

APPEAL from the District Court of Rockwall. Tried below before the Hon. Anson Rainey.

The conviction was for burglary, and the penalty assessed was a term of two years in the penitentiary.

The disposition made of the appeal does not necessitate a statement of the evidence as adduced on the trial.

*L. D. Stroud* and *J. H. Smith,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. It appears from the record that the defendant was tried by a jury of *six* men. Such trial was not in accordance with law, and the conviction must be set aside. (Const., art. 5, sec. 13; Code Crim. Proc., art. 595; Rich v. The State, 1 Texas Ct. App., 206; Huebner v. The State, 3 Texas Ct. App., 458; Marks v. The State, 10 Texas Ct. App., 334.) This error in the conviction is confessed by the Assistant Attorney General.

In the indictment, as it appears in the record, there is a fatal defect, in so far as it undertakes to charge burglary. It alleges that the defendant "then and there, by force, break and enter a house," etc., omitting the essential word "did." **If such**

omission be in the original indictment, a conviction for said offense can not be sustained upon it. (Walker v. The State, 9 Texas Ct. App., 177; Moore v. The State, 7 Texas Ct. App., 42.) The indictment, however, is a good one for the offense of theft.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Opinion delivered November 3, 1888.