Armando MESA and Ruben Mesa, Appellant,

v.

The STATE of Texas, Appellee.

No. 43239.

Court of Criminal Appeals of Texas.

Feb. 3, 1971.

William H. Borchers, New Braunfels, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from convictions for aggravated assault. The appellants were jointly charged and tried before the court upon pleas of not guilty after waiving trial by jury. The punishment of the appellant Ruben Mesa was fixed at a fine of $25.00 and that of appellant Armando Mesa was fixed at 10 days' confinement in the county jail and a fine of $50.00.[1] However, Armando Mesa was placed on misdemeanor probation for a period of six months. See

---

1. Article 1148, Vernon's Ann.P.C. provides:

"The punishment for an aggravated assault or battery shall be a fine not less than Twenty-five Dollars ($25) nor more than One Thousand Dollars ($1,000), or imprisonment in jail not less than one (1) month nor more than two (2) years, or both such fine and imprisonment."

"It is clear that the 10 days' confinement in jail assessed against Armando Mesa as part of his punishment is not authorized by the provisions of the statute, the minimum punishment permissible if jail time is assessed being one month. However, the sentence is sustainable upon the fine assessed. The judgment and sentence will be reformed accordingly."

Article 42.13, Sec. 3(b), Vernon's Ann.C.C.P.

■ The appellants contend the complaint and information fail to contain the essential word "did" in the charging parts thereof. They claim the court erred in refusing to grant their pre-trial "Motion to Dismiss Proceeding For Lack of Jurisdiction Because of Defective Complaint."

Omitting the formal parts the complaint and information both read as follows:

"Armando Mesa and Ruben Mesa in and upon Blas Saenz, *did* commit an aggravated assault; and the said Armando Mesa and Ruben Mesa, each with their hands and feet, strike, kick, wound and bruise the said Blas Saenz, and *did* thereby inflict upon the said Blas Saenz serious bodily injury. * * *" (emphasis supplied)

Appellants contend that a third "did" was necessary and that the charging portion as to the means used should have read

"And the said Armando Mesa and Ruben Mesa, *did*, each with their hands and feet, strike, kick, wound and bruise the said Blas Saenz,"

or, in the alternative, should have read:

"And the said Armando Mesa and Ruben Mesa, each with their hands and feet, *did* strike, kick, would and bruise the said Blas Saenz."

It is true that "[t]he word 'did' is an essential word in indictments, informations and complaints, where the acts which constitute the offense are being set forth." 1 Branch's Ann.P.C., 2d ed., Sec. 512, p. 495 and cases there cited. Further, "[i]f the word omitted is essential to the certainty necessary in the description of the offense it cannot be supplied by intendment, and of consequence such omission is fatal to the validity of the indictment." Id.

Appellants also call our attention to the form recommended by Willson's Texas Criminal Forms, 7th Ed., Sec. 1477, p. 346, which reads as follows:

"A.B., on the ___ day of ___ A.D. 19___, in the county and state aforesaid, in and upon C.D. did commit an aggravated assault; and the said A.B. did then and

there with a stick [or other instrument or means, naming or describing the same] strike, wound, and bruise the said C.D. and did thereby inflict upon the said C.D. serious bodily injury."

It is observed that such recommended form contained three "dids." See also Curry v. State, 165 Tex.Cr.R. 556, 309 S.W.2d 438. However, in Castillo v. State, 136 Tex.Cr.R. 198, 124 S.W.2d 146, an aggravated assault complaint and information was held sufficient which alleged:

"* * * Fermin Castillo did then and there unlawfully in and upon Ignacio Cruz make an aggravated assault by then and there striking and cutting Ignacio Cruz with a sharp instrument, the name thereof being unknown to your affiant, and then and there inflicting upon the said Ignacio Cruz, serious bodily injuries."

It is here observed that the word "did" was only used once in such approved form. See also the suggested form in 4 Branch's Ann.P.C., 2d ed., Sec. 1747, p. 126. It is clear that other words may be utilized and that the third "did" is not absolutely essential as claimed by appellants.

In Hyde v. State, 74 Tex.Cr.R. 480, 168 S.W. 535, it was held that where the prosecution is under this subdivision of the statute (Article 1147, Sec. (6), V.A.P.C.), the injury and not the means of inflicting the injury is the criterion. It is the extent of the injury which is the element of aggravation.

The complaint and information alleged the appellants "did" commit an aggravated assault and "did" inflict serious bodily injury, while alleging the means used the word "did" was not utilized for the third time. As observed above, it is not always essential that the word "did" appear with reference to the means used in order to constitute a sufficient complaint and information.

In Chase v. State, Cr.App., 28 S.W. 952, which involved an indictment for perjury, the court said:

"The allegations of the indictment with reference to this point are that the ap-

pellant 'did willfully and deliberately state and testify,' etc., 'which said statement so made by the said Ira Chase before and to the said grand jury willfully and deliberately false, and the said Ira Chase knew them to be false' etc. It is insisted that, as the word 'was' is omitted before the expression 'willfully and deliberately false,' there is no averment that the statement was false. It is not always necessary that the verb be used to make an allegation direct and positive. There is no particular or set form of expression which is required to be used. The 'adjective' form of expression is sufficient, if it express in plain and positive terms the necessary charges. Although this verb 'was,' which would be ordinarily employed here, is omitted, the allegation is still positive and direct that the statement was false.

\*    \*    \*    \*    \*    \*

"The appellant was fully apprised by these allegations that he was charged with making a statement which was false, and which he knew to be false. There was no mistaking the meaning of the pleader. The allegations were sufficient."

The wording in the complaint and information in the case at bar is awkward, to say the least, due to the omission, but we are unable to conclude after serious consideration and looking at the pleadings as a whole that such instruments were not sufficient to apprise the appellants of the charge against them, or to enable them to prepare their defense, or to enable them to plead the judgment in bar of another prosecution. See 1 Branch's Ann.P.C., 2d ed., Sec. 513, p. 495; 30 Tex.Jur.2d, Indictment and Information, Sec. 23, p. 572.

Appellants also contend there is a fatal variance between the complaint and information since the prosecution failed to delete the word "after" just before the charging portion of the complaint while eliminating such word in the printed form of the information. The failure to strike the word "after" in the printed form of the complaint was apparently an oversight or due to carelessness. We do not think it affects the meaning of the complaint or constitutes a fatal variance between the complaint and information. The "after" in the complaint can be regarded as mere surplusage. See 30 Tex.Jur.2d, Indictment and Information, Sec. 251, p. 575.

It is difficult to imagine that when the complaint and information were challenged why the county attorney did not take another and remove the questions from the case. Much delay has resulted and much unnecessary time and effort of the attorneys and the courts have been expended. *It was unnecessary for this case to have been brought to this court.*

Finding no reversible error, the judgment and sentence as to Ruben Mesa is affirmed. As reformed (see Footnote #1), the judgment and sentence as to Armando Mesa is also affirmed.