**Jimmie JAQUEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44158.**

Court of Criminal Appeals of Texas.

Nov. 2, 1971.

Rehearing Denied Dec. 21, 1971.

John R. Lee, Kermit, Richard Naylor, Pecos, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of assault with intent to murder. Punishment was assessed at nine years.

The sufficiency of the evidence is challenged.

The complaining witness, Merejildo Munoz, testified that he had met appellant, who was well known to him, upon leaving a tavern in Monahans. At that time appellant made some statement to Munoz about Munoz having hit appellant's brother. Munoz proceeded to his car and started it, when appellant came running up to the car and stabbed him in the neck.

Officer Woodrow L. Bean, of the Texas Department of Public Safety, testified that the complaining witness identified appellant shortly after the incident. He also testified that appellant attempted to hide the knife under the cushion of a chair at the time of the arrest.

Dr. C. S. Patterson testified as to the seriousness of the wound—"Well, he had a rather large laceration on the left side of the face that started into the ear, cut all the way into the ear canal and came across the face and into the neck. He had also a wound across through the mouth on both sides. * * * The larceration on the left side of the face was rather deep and had cut through some fairly large blood vessels, an artery or two was spurting blood everywhere. And I would say that had this not been taken care of, the man could have bled to death through the arteries that were cut, * * * He has to date not fully recovered and there is a possibility that he will never fully recover."

The evidence is sufficient to support the verdict.

Next, appellant contends that the trial court erred in overruling his motion to quash the jury panel because of the ex-clusion of members of ethnic minority groups from said panel.

■ The selection of the jury panel was by jury commissioners. See Art. 33.09, Vernon's Ann.C.C.P., and Articles 2104–2107 Vernon's Ann.Civ.St. This method does not necessarily deny an accused his right to a fair and impartial trial. Carter v. Jury Commission of Greene County, 396 U.S. 320, 90 S.Ct. 518, 24 L.Ed.2d 549; Akins v. Texas, 325 U.S. 398, 65 S.Ct. 1276, 89 L.Ed. 1692. What the Constitution does prohibit is the systematic exclusion of persons of a particular race or color from jury service. Carter v. Jury Commission of Greene County, supra.

■ The record before us does not reflect the type of systematic exclusion prohibited by the equal protection clause of the United States Constitution. To the contrary, the jury panel for the case was composed of seven Mexican Americans out of total of sixty-five.[1] Six of these seven were excused for cause, and appellant does not show that they were excused for reasons other than legal cause. The remaining Mexican American on the jury panel was peremptorily excused by appellant. There is nothing in the record to indicate the number of Mexican Americans eligible to serve on juries in Ward County, no proof to show that persons of such descent constituted a separate class in that county, and no data to indicate that such persons had traditionally been excluded from jury service. No error is shown. Enriquez v. State, Tex.Cr.App., 429 S.W.2d 141.

There being no reversible error, the judgment is affirmed.

1. Arthur Bowman, Tax Assessor-Collector of Ward County, was asked if he had " * * * tried to determine an approximate number of Latin Americans on the voters registration list." He replied: "It would be purely a guess. They are all names, you know. I would say around fifteen, between fifteen to twenty percent of them would be Spanish people."