### Ex parte William Ray WOODS.

### No. 44919.

Court of Criminal Appeals of Texas.

July 26, 1972.

Thomas J. Griffith, Daniel H. Benson, Lubbock, for appellant.

Jim Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

## ON PETITIONER'S MOTION FOR RE-HEARING

ODOM, Judge.

Our opinion on original submission is withdrawn and the following is substituted in lieu thereof.

This is a habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P., and in accordance with Ex parte Young, Tex.Cr. App., 418 S.W.2d 824, in which petitioner seeks his release from confinement in the Texas Department of Corrections. He was represented by counsel at his 1951 trial, where he entered a plea of not guilty before a jury for the offense of murder with malice. The jury found him guilty of the offense, and punishment was assessed at fifty years. No appeal was taken.

Petitioner challenges his conviction on the ground that the grand jury which returned the indictment in this cause (No. 718) was illegally constituted and chosen. His contention is that members of the Ne-

gro race were deliberately excluded from grand jury service in Garza County.

The record reflects that appellant was tried in October, 1951, in Cause No. 718. A mistrial was declared because the jury was unable to agree upon a verdict. The grand jury then re-indicted appellant for the same offense in Cause No. 736,[1] with a subsequent re-indictment in Cause No. 739.

A hearing was held on petitioner's application before the Honorable Truett Smith, Judge of the 106th District Court of Garza County. At the conclusion of such hearing, the trial judge made findings of fact which include the following:

> "9. The indictment in Cause No. 739 used the same language in alleging this offense as was used in Cause No. 718.
>
> .    .    .    .    .    .
>
> "12. No person was selected, or excluded from a grand jury panel or a petit jury panel during the years 1950 and 1951 in Garza County District Court by reason of his race.
>
> "13. During those years there existed in Garza County no intentional or deliberate scheme or plan on the part of any person connected with the selection of panels for grand jury or petit jury service to exclude nonwhite members, nor to select token negro members."

■ We agree with the finding of the trial court that petitioner has not shown that members of the Negro race were systematically excluded from a grand jury during the years 1950 and 1951. Jaquez v. State, Tex.Cr.App., 473 S.W.2d 530. To the contrary, the record reflects that the grand jury panel which indicted him on November 17, 1950, in Cause No. 739, had one Negro member.

■ Even assuming *arguendo* the validity of appellant's challenge to the indictment in Cause No. 718, appellant has wholly failed to show that he was harmed in any manner. As we noted above, the indictment in Cause No. 739 is not subject to challenge on the basis of systematic exclusion. Though the docketing of such proceeding was under Cause No. 718, it is apparent from the reading of this record that the special venire was called to proceed in Cause No. 739. Thus, to uphold appellant's contention would be to elevate an apparent clerical error to a constitutional dimension and to upset a twenty year old conviction on the basis of the type of legalistic formalism required under the common law writs. This we decline to do. No harm has been shown.

The petition for writ of habeas corpus is denied. Petitioner's motion for rehearing is overruled.

ROBERTS, J., not participating.

---

1. The trial court found that "[t]here was an error in the date of the offense alleged in Cause No. 736 requiring his re-indictment in Cause No. 739."