**Samuel Wayne BOSS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45599.**

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

Rehearing Denied Feb. 7, 1973.

James W. Lee, III, Dallas, for appellant.

Henry Wade, Dist. Atty., Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of robbery. The jury assessed the punishment at forty-eight years.

In his first ground of error, appellant contends that the trial court erred in admitting into evidence, at the punishment stage of his trial, records of two prior convictions. He contends that the sentences are void on their face because they do not recite that appellant was represented by counsel when he was sentenced.

Appellant apparently contends that the burden is on the State to show that he had counsel. He argues that it is immaterial that the counsel did not object to their admission because they are void and as such cannot be used in setting punishment.

First, there must be an objection by appellant at the time such prior convictions are entered into evidence. In Palmer v. State, Tex.Cr.App., 475 S.W.2d 797, where similar contention was made, this Court said:

"In Taylor v. State, Tex.Cr.App., 470 S.W.2d 663, this court held that the trial court did not err in admitting into evidence at the penalty stage of trial certified copies of judgment and sentence which were silent as to whether defendant had been represented by counsel where no objection was urged at time documents were introduced and no claim was advanced that defendant was in fact, deprived of counsel. See also Vera v. State, Tex.Cr.App., 473 S.W.2d 22 (1971)."

The appellant does not claim that he was without counsel or that he did not voluntarily waive counsel. He instead claims that the burden is on the State to prove that he was with counsel and was not indigent. We do not agree. Appellant has the burden to show that he was without counsel or that he was indigent and did not voluntarily waive his right to counsel. Taylor v. State, Tex.Cr.App., 470 S.W.2d 663; Walling v. State, Tex.Cr.App., 437 S.W.2d 563. Counsel for the State are again reminded that care should be taken to see that an accused has been represented by counsel before introducing evidence of prior convictions. Better yet, this should be shown in the record to prevent habeas corpus hearings at a later date.

Complaint is made that the State failed to prove one of the essential elements of the case in accordance with Article 1408, Vernon's Ann.P.C. Appellant contends that the State failed to introduce affirmative evidence to show that the victim, Roy Aldridge, was in fear of his life or serious bodily harm. Aldridge testified that the appellant pointed a cocked gun at him from a distance of three feet and when asked ". . . whether or not you were in fear for your life or of serious bodily injury?", he answered: "I feel like I was." He also testified that he thought the appellant might shoot him, and that he gave appellant some $96.00 and narcotics from the pharmacy where the robbery took place.

We hold that the evidence was sufficient for the jury to conclude that the complainant was in fear of his life or serious bodily injury.

Finally, appellant contends the trial court erred in failing to afford him with a separate preliminary hearing on his present competency to stand trial. Appellant argues that because he filed a motion in writing, styled "Application for Trial of the Issues of Insanity of the Defendant

(Then and Now)—In Advance of Trial of the Merits," that the trial court was on notice and was required to conduct such a hearing.

There is no showing that this motion for such a hearing was ever presented to the court prior to the trial. In fact, the appellant's counsel announced ready and the appellant personally entered his own plea. During the trial and after the State had rested, appellant attempted to show his incompetency to stand trial by calling his sister as a witness as to his mental condition. The State called Dr. James P. Grigson, a psychiatrist. Dr. Grigson testified that he had examined the appellant the morning before the trial at the request of the district attorney's office. He further testified that in his opinion the appellant was capable of knowing right from wrong, the nature and consequences of his acts and was capable of assisting an attorney in the preparation of his own defense.

The trial court required findings on the sanity issues before the jury could consider guilt or innocence.

Appellant by announcing that he was ready and entering his plea without any suggestion of insanity to the court waived his right to a separate pretrial hearing.[1] The trial judge is not required to conduct such a hearing on his own motion absent any significant facts being brought to his attention or absent circumstances and actions which should have indicated a need for a separate determination. See Townsend v. State, Tex.Cr.App., 427 S.W.2d 55. Nor was the appellant deprived of due process of law, equal protection of the law, fundamental fairness, or effective assistance of counsel by the trial court allowing the same jury that heard the evidence concerning his sanity to also determine his guilt after finding him sane.

Morris v. State, Tex.Cr.App., 440 S.W.2d 855. Appellant was not denied a determination on the issue of sanity.

No reversible error being shown, the judgment is affirmed.

1. Where the evidence of incompetency is made known to the court prior to trial, a hearing should be conducted on such competency before the trial. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed. 2d 815. See Article 46.02, V.A.C.C.P., as amended, which provides for separate hearing prior to trial on the issue of competency to stand trial. (The present case was tried after the decision of Pate v. Robinson and before the amendment to Article 46.02, supra.)