**Tules ZAPATA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45782.**

Court of Criminal Appeals of Texas.

April 25, 1973.

Rehearing Denied May 16, 1973.

Ruben Montemayor and Harry A. Nass, Jr., San Antonio, for appellant.

Jim D. Vollers. State's Atty., and Robert A. Huttash, Asst. State's Atty , Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder with malice. Punishment was assessed by the jury at forty-five years.

The sufficiency of the evidence is not challenged. A summary of the facts is set out for a better understanding of the grounds of error presented.

On the evening of May 3, 1971, Kathryn Soefje, a dispatcher for the Sequin police department, received a call at approximately 10:00 p.m. from one of appellant's children saying that there was a domestic quarrel at the family residence. Officers Layne Dietz and Mike Rosas were dispatched to investigate the call. Both officers testified that appellant threatened to kill her husband in their presence. After calming the two, the officers left.

At approximately 11:30 p.m. the same evening, Officers Roy Paez and Kenneth Strong were summoned to the Zapata residence to investigate an alleged shooting. Upon their arrival at the home they were met by the appellant. She told the officers that she had shot her husband, and then she handed them a pistol.

Initially, the appellant contends that the trial court erred in failing to conduct a separate hearing on her present competency to stand trial. She argues that the uncontroverted testimony of Dr. Gonzaba raised sufficient question as to her incompetency for a period of three years prior to this offense.

No motion for a preliminary hearing on the issue of competency to stand trial under the provisions of Article 46.02, Vernon's Ann.C.C.P., was filed. In fact, appellant's counsel announced ready and the appellant personally entered her own plea. Counsel then announced that the appellant did not deny shooting her husband and stated that she did it in self-defense. During the trial and after the State had rested, appellant called Dr. William Gonzaba as a witness. He testified that appellant had suffered from hallucinations and various other symptoms of depression prior to and immediately after the shooting occurred. Nowhere does it appear that he considered appellant incompetent to stand trial nor that she was unable to distinguish right from wrong. In fact, at the trial appellant, testifying in her own behalf, gave no indication that she was mentally incompetent. She answered all questions fully and completely with the assistance of an interpreter. Nor is there anything in the record to indicate that appellant's counsel ever requested that she be examined by a psychiatrist. Further, there is no request by appellant's counsel for a competency hearing during the trial.

Appellant, by announcing that she was ready and entering her plea without any suggestion of insanity to the court, waived her right to a separate hearing before the trial. A trial judge is not required to conduct such a hearing on his own motion absent any significant facts being brought to his attention or absent circumstances and actions which should have indicated a need for a separate determination. Boss v. State, Tex.Cr.App., 489 S.W.2d 580. We hold that the testimony of Dr. Gonzaba did not give rise to an issue of appellant's competency to stand trial, especially when analyzed in compari-

son with appellant's own actions and testimony during the trial.

■ Next, appellant alleges that the trial court erred in refusing to grant her motion to quash the indictment. She argues that the failure to use the word "did" in the charging portion of the indictment is fatal. It is her contention that such omission is in violation of Articles 21.02(7), 21.03 and 21.04, V.A.C.C.P.

The indictment appears in the record as follows:

"The Grand Jurors for the County of Guadalupe, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the May Term, A.D.1971, of the 25th Judicial District Court of said County, upon their oaths present in and to said Court, that Mrs. Tules Zapata, on or about the 3rd day of May, A.D.1971, and before the presentment of this indictment, in said County and State, then and there unlawfully, with malice aforethought, kill Luis Zapata by shooting him with a gun, against the peace and dignity of the State."

Appellant, relying on Mesa v. State, Tex.Cr.App., 462 S.W.2d 600, argues that the word "did" is an essential word in the indictment. It is her position that the word "did" must appear just prior to " . . . then and there unlawfully," or before " . . . kill Luis Zapata," in order that the indictment contain everything that is necessary to be proved with the required degree of certainty.

The real issue is whether the indictment sets out the offense charged in plain and intelligible language. We are mindful of our holding in Moore v. State, Tex Cr. App., 473 S.W.2d 523 (1971), where Presiding Judge Onion, speaking for the majority, said:

"It is, of course, not sufficient to say that the accused knew with what offense he was charged, but the inquiry must be whether the charge in writing furnished that information in plain and intelligible language."

Before analyzing the language of the indictment in the present case, it is necessary that we look at the definition of "malice aforethought." The legal definition of such, as defined by the Court, is "the voluntary and intentional doing of an unlawful act by one of sound memory and discretion with the purpose, means, and ability to accomplish the reasonable and probable consequences of the act." Witty v. State, 75 Tex.Cr.R. 440, 171 S.W. 229 (1915). Now a careful reading of the charging portion of the indictment shows "that Mrs. Tules Zapata, on or about the 3rd day of May, A.D.1971, and before the presentment of this indictment, in said County and State, *then and there unlawfully, with malice aforethought, kill Luis Zapata by shooting him with a gun.*" (Emphasis Supplied)

Considering the definition of malice aforethought in connection with the indictment, we hold that the indictment sets forth the offense in plain and intelligible words as required under the provisions of Article 21.02(7), V.A.C.C.P. The insertion of "did" in one of the two places or both would make the charging portion read smoother and more grammatically correct. To the extent that other cases are in conflict with this holding, they are overruled. See Edmondson v. State, 41 Tex. 496.

■ Also, the appellant claims that the indictment should have been quashed because Mexican Americans were systematically excluded from grand juries in Guadalupe County. She relies on the grand jury list for the years 1967 through 1971. Those lists show that twelve percent of the grand jurors, during those years, had Mexican American names. Counsel for appellant argues that since Guadalupe County has approximately a fifty percent Spanish surname population, such percentage should reflect in the make-up of the grand

juries. What appellant has failed to show is how many females with Spanish surnames may have married other than Spanish surname males and served on such juries. Nor does her evidence reflect how many Spanish surname persons were summoned for such duty and requested to be excused because of job requirements or health reasons. Also, we note from the record that three Mexican Americans served on the grand jury which indicted appellant. We perceive no harm to appellant. See Ex parte Woods, Tex.Cr.App., 483 S.W.2d 464, and Jaquez v. State, Tex. Cr.App., 473 S.W.2d 530.

■ The appellant next contends that the prosecutor suppressed evidence. She argues that the trial court erred in refusing to grant her motion for discovery of a tape recording taken at the grand jury proceedings. She argues that the contents of that recording would show that the prosecutor had information concerning a knife allegedly found on the deceased's body, such information being vital to the issue of self-defense.

The record shows that in the hearing on his motion, appellant called Officers Paez and Strong as witnesses. Both officers denied the existence of such a knife. Also, the district attorney denied that he had any knowledge of a knife being found on the deceased. The trial judge called for the inventory of deceased's clothing and personal items taken from his body. It did not reflect the existence of a knife. After the trial judge denied the motion for discovery, he instructed the district attorney to bring him the tape recording and he would listen to it. If the recording produced any information about a knife, he said that he would change his previous denial. Nothing further is shown. Appellant has not shown any harm.

■ Lastly, appellant contends that even if she is not entitled to hear the tape recording of the testimony before the grand jury, the tape recording itself violated the provisions of Article 20.02, V.A.C.

C.P. Even if such were a violation, it would not require a reversal of this cause.

No reversible error being shown, the judgment is affirmed.

ONION, Presiding Judge (dissenting).

The majority holds that the word "did" is no longer an essential word in an indictment alleging murder with malice aforethought when charging the acts which constituted the crime involved. The majority appears to conclude the word may be supplied by argument or intendment, and is necessary only if the pleader wants to be "more grammatically correct." In so holding, the majority expressly overrules Edmondson v. State, 41 Tex. 496 (1874), and other cases in conflict, thereby abrogating a general rule of pleading in criminal cases that has existed in this jurisdiction for over one hundred years.

In support of his contention that the indictment was fatally defective, the appellant relies upon Article 21.02(7), Vernon's Ann.C.C.P. (requisites), which requires that the "offense must be set forth in plain and intelligible language," and upon Articles 21.03 and 21.04, Vernon's Ann.C.C.P. These articles respectively read, as follows:

"Everything should be stated in an indictment which is necessary to be proved."

And

"The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense."

It has long been established that it must be alleged in plain and intelligible words that the accused did things which constituted the offense. See Article 21.02, supra, note 37, and authorities there cited. And, "[f]acts must be alleged by direct, certain, and positive averments, and not by way of

argument and inference." 1 Branch's Ann.P.C., 2d ed., § 513, pp. 495–496.

In State v. Hutchinson, 26 Tex. 111 (1861) (concerning a prosecution for unlawfully killing an animal coming within the meaning of an estray), the court said:

". . . The omission of so important a word (did), a word indispensable to make sense, in charging the offense, ought not to be supplied by intendment."

State v. Daugherty, 30 Tex. 360 (1867) (unlawful interference with private property or private rights), held that where an indictment omits a material word, although it be but a preposition or a helping verb, the court will not, from a knowledge of the language, supply the missing word so as to supply the probable intention of the grand jury. The court, thus, sustained a judgment quashing an indictment on the basis of the omission of the word "did", the State then having the right to appeal.

And, in Edmondson v. State, 41 Tex. 496 (1874) (a murder prosecution), where the offense was alleged to have been done with "express malice aforethought," the court said:

". . . [T]he averment, as to injuries inflicted with a stick, not only lacks the proper specification of time and place, but omits the word 'did' in a connection where it was material—an omission which has been repeatedly held good ground for quashing an indictment."

In 1876, the Court of Appeals in Ewing v. State, 1 Tex.App. 362 (1876) (a prosecution for abortion), cited with approval the foregoing cases, and said:

"The indictment in this case is fatally defective because it fails to allege that the defendant 'did' the acts charged as constituting the crime. This word is indispensable, and cannot be supplied by intendment."

To the same effect are the holdings in Tompkins v. State, 4 Tex.App. 161 (1878) (keeping a disorderly house for the purpose of public prostitution), and Moore v. State, 7 Tex.App. 42 (1879). And Walker v. State, 9 Tex.App. 177 (1880), noted that the omission of the word "did" in the pleadings had been "uniformly adjudged substantial."

In Jester v. State, 26 Tex.App. 369, 9 S. W. 616 (1888) (involving a burglary prosecution), the Court of Appeals said:

". . . In the indictment, as it appears in the record, there is a fatal defect, in so far as it undertakes to charge burglary. It alleges that the defendant 'then and there, by force, break and enter a house,' etc.; omitting the essential word 'did'. If such omission be in the original indictment, a conviction for said offense cannot be sustained upon it. Moore v. State, 7 Tex.App. 42; Valesco v. State, 9 Tex.App. [76], 77. . . ."

In Barfield v. State, 39 Tex.Cr.R. 342, 45 S.W. 1015 (1898) (a prosecution for unlawfully carrying a pistol), it was noted that the omission of the word "did" in charging the acts committed, in an unbroken line of decisions, has been held to invalidate the complaint, information or indictment as the case may be. A reversal was ordered.

This court in Ivey v. State, 157 Tex.Cr. R. 548, 247 S.W.2d 105 (preventing another from engaging in a lawful vocation), recognized the general rule involved but held the words "in doing so" to be sufficient in the indictment.

And, as late as 1971, this court in Mesa v. State, 462 S.W.2d 600 (Tex.Cr.App. 1971), stated:

"It is true that '[t]he word "did" is an essential word in indictments, informations and complaints, where the acts which constitute the offense are being set forth.' 1 Branch's Ann.P.C., 2d ed., Sec. 512, p. 495 and cases there cited. Further, '[i]f the word omitted is essential to the certainty necessary in the de-

scription of the offense it cannot be supplied by intendment, and of consequence such omission is fatal to the validity of the indictment.' Id." [1]

See also 30 Tex.Jur.2d Indictment and Information § 22, pp. 571–572 and 4 Wharton's Criminal Law & Procedure § 1761, p. 555 (1957).

In the instant case, the appellant, prior to trial, made a written motion to quash the indictment on the very ground now urged on appeal citing cases in support of the general rule discussed. The motion was overruled.

It is difficult to imagine that, when the indictment was so challenged, the prosecutor did not seek a new one eliminating the question from the case. See Barfield v. State, supra; Mesa v. State, supra. He did not, and now the majority, in order to affirm the conviction, abolishes the general rule which has prevailed for so long without establishing another. The majority does not make clear whether this holding will apply only to murder with malice cases or will have application to all cases where malice aforethought is not alleged, or whether there is one rule for murder cases and another for other cases.

I cannot agree to such action. In my opinion, the omission of the word "did" was fatal for the offense was not charged in plain and intelligible language. As this court said in Moore v. State, 473 S.W.2d 523 (Tex.Cr.App.1971),

"It is, of course, not sufficient to say that the accused knew with what offense he was charged, but the inquiry must be whether the charge in writing furnished that information in plain and intelligible language. . . ."

I dissent.

ROBERTS, J., joins in this dissent.

1. In *Mesa,* supra, an aggravated assault case, the court held that the failure to use the word "did" for a third time in the pleading was not reversible error under the circumstances.