Glen Marlyn **WILLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47533.

Court of Criminal Appeals of Texas.

Nov. 14, 1973.

John Ellis, Dallas, for appellant.

Henry Wade, Dist. Atty., John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

The record reflects that appellant plead guilty to the offense of possession of marihuana on September 22, 1972. Punishment was assessed at three (3) years, but the imposition of sentence was suspended and appellant was granted probation. One of the terms and conditions of probation was that the appellant "(a) commit no offense against the laws of this or any other State or the United States . . .."

On January 24, 1973, an amended motion to revoke appellant's probation was filed alleging that he violated the aforementioned term. After a hearing was held on the motion, the court announced that "the defendant Glen Marlyn Willey, violated the terms and conditions of his probation."

The appellant claims the State's amended motion to revoke probation is fatally defec-

tive in not setting forth in plain and intelligible language the grounds on which the State seeks revocation.

The allegation which forms the basis of this complaint reads as follows:

"That Defendant has violated the following conditions (a) of said probation in that (a) Commit no offense against the laws of this or any other State or the United States; (On the 24th day of November, 1972, in Dallas County, Texas, Glen Marlyn Willey then and there unlawfully have and possess a hypodermic syringe and needle adapted for the use of a dangerous drug, to wit: Valium, by subcutaneous injection in a human being with the purpose and intent of using such syringe and needle to inject such dangerous drug into human being by subcutaneous injection.)"

Appellant urges that because the above paragraph does not contain the word "did," such omission rendered the entire motion unintelligible and insufficient. He relies in part upon Barfield v. State, 39 Tex.Cr. R. 342, 45 S.W. 1015 (1898), and Mesa v. State, 462 S.W.2d 600 (Tex.Cr.App.1971).

■ This court has held that where revocation of probation is based upon a violation of the condition not to violate the law the allegations need not be as precise as that of an indictment. Campbell v. State, 456 S.W.2d 918 (Tex.Cr.App.1970). The allegations should give fair notice and should allege a violation of the law. Jansson v. State, 473 S.W.2d 40 (Tex.Cr.App. 1971). See also Gamble v. State, 484 S. W.2d 713 (Tex.Cr.App.1972); Kuenstler v. State, 486 S.W.2d 367 (Tex.Cr.App.1972).

■ We need not decide whether the absence of the word "did" failed to give fair notice [1] since no objection to such motion was made nor was any question raised

at any time during the revocation hearing. Appellant raises the contention for the first time on appeal. In Guinn v. State, 163 Tex.Cr.R. 181, 289 S.W.2d 583, the defendant raised for the first time on appeal a question as to the sufficiency of the motion to revoke, contending that it did not sufficiently allege how, when or where he had violated the law. There the court held that the defendant, having failed to question the sufficiency of the motion in the trial court, is in no position to urge such contention on appeal. See Flournoy v. State, 481 S.W.2d 898 (Tex.Cr.App.1972). See also Blackshire v. State, 464 S.W.2d 108 (Tex.Cr.App.1971); Balli v. State, 460 S.W.2d 424 (Tex.Cr. App.1970); Martinez v. State, 493 S.W.2d 954, 955 (Tex.Cr.App.1973), and cases there cited.

Further, it noted that the appellant, represented by counsel, waived the reading of the revocation motion and acknowledged to the court he understood the nature of the alleged violation.

Appellant's first contention is without merit.

The sufficiency of the evidence to revoke the probation is also challenged.

■ The record reflects that on November 24, 1972, Dallas Police Officer Roy A. Keesy observed an automobile being driven in an erratic manner. After the vehicle was stopped, the officer observed a brown paper sack being thrown from the car. Upon retrieving the sack and determining its contents to be pills and capsules, the officer conducted a search of the three passengers which uncovered a bag containing two syringes from the pocket of the appellant, one of the passengers.

The chain of custody was established and the toxicologist testified that the capsules analyzed by him contained diazepam,

1. In Zapata v. State, 493 S.W.2d 801 (Tex. Cr.App.1973), the majority held that failure to use the word "did" in the charging part of the murder indictment was not fatal and

overruled earlier cases to extent of any conflict. In Zapata the defendant had presented to the trial court a written motion to quash.

which is known by its trade name as valium.

The toxicologist did relate that he found no drug substances in one of the syringes.

Testifying in his own behalf, appellant admitted being a passenger in the automobile, but contended that one Douglas was the individual who threw "something" from the vehicle and the syringes were in fact taken from one Carruthers, another passenger, and that he did not have any knowledge of any contraband or syringes.

 It is well established that in revocation of probation hearings the trial judge is the sole trier of the facts, the credibility of the witnesses and weight to be given their testimony. He may accept or reject any part of a witness' testimony. Maddox v. State, 466 S.W.2d 755 (Tex.Cr.App. 1971); Hulsey v. State, 447 S.W.2d 165 (Tex.Cr.App.1969); Vance v. State, 478 S.W.2d 535 (Tex.Cr.App.1972).

We deem the evidence sufficient to support the revocation order.

No abuse of discretion has been shown.

The judgment is affirmed.