Donald Ray JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 48386.

Court of Criminal Appeals of Texas.

May 22, 1974.

---

Kerry P. Fitzgerald, Court appointed on appeal only, Dallas, for appellant.

Henry Wade, Dist. Atty. & James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

CHADICK, Commissioner.

This is a robbery by assault case. Appellant plead not guilty to the indictment herein and in a jury trial was found guilty, and punishment of thirty-five years' confinement in the Texas Department of Corrections was imposed.

In the punishment phase of the trial, the operator of a foster home for retarded children testified that she had custody of the appellant from the time he was three years of age until he went into the army in 1967. The appellant, twenty-three years of age at the time of trial in February, 1973, completed the tenth or eleventh grade before dropping out of school. Excepting the period of military duty, the foster mother was in weekly touch with the appellant, either in person or by telephone. Touching appellant's mental conditions, she testified:

"Q (By Defense Counsel) Okay. Mrs. Daniel, when he was in high school—did Donald begin having problems when he was in high school?

"A Yes, Donald Ray began to have it. Seemed like he began to worry. When I would ask him about it he would say, 'Well, like I can't keep up with the class', and Donald Ray would have, I don't know, some kind of staring spells. Then he would have terrible headaches, which I think he still have.

"Q (By Prosecuting Counsel) Now, let me ask you this, Mrs. Daniel: Are you telling this lady and gentlemen of the jury, are you telling them that Donald Ray Jackson has a severe mental problem or is mentally retarded?

"A No, I'm not telling them that.

\* \* \* \* \* \*

"Q So, you're not contending or saying, trying to tell the jury that he has got a mental problem?

"A Yes, he has got mental problems. If you read that you can tell where how many times that I had taken him to the hospital for brain waves and things like that.

"Q (By Prosecuting Counsel) Is he retarded, do you think?

"A Yes, there's something about his head. I don't know what it is, but it's something that causes him to—."

Appellant filed five separate pro se motions prior to and on the day trial began. He testified in both phases of his trial and

gave responsive, full, coherent answers to his interrogators. He exhibited organized thought and spoke in complete sentences when question required more than a yes or no answer. The record of his military service does not indicate the existence of mental problems and shows an honorable discharge. No request was made for a psychiatric examination or for a determination of appellant's sanity before or during the trial. Neither appellant nor his court-appointed counsel manifested the slightest doubt as to his mental competency or ability to understand the offense charged, indictment, trial proceedings, or to cooperate and intelligently assist in the defense efforts.

Fundamental error is now claimed because of the failure of the trial judge to halt the trial during the punishment phase and conduct a separate hearing on the appellant's mental state immediately after the foster mother testified as shown above. In the ambience of all the other facts and circumstances of the complete record the conflicting, unsure, and indefinite testimony of the foster mother was not sufficient to create reasonable grounds for the trial judge to doubt the competency of the appellant to stand trial. In Boss v. State, 489 S.W.2d 580 (Tex.Cr.App.1972) it is said: "The trial judge is not required to conduct such a hearing on his own motion absent any significant facts being brought to his attention or absent circumstances and actions which should have indicated a need for a separate determination." Here the record shows no circumstance or actions which indicated a need during the trial proceedings for a separate determination of the appellant's competency to stand trial. And, as indicated, the groping of the foster mother for a nonculpable explanation of appellant's alleged misconduct is not alone sufficient, under all the circumstances, to require a halt in the trial and a separate determination of the appellant's competency. Zapata v. State, 493 S.W.2d 801 (Tex.Cr.App.1973); Perryman v. State, 494 S.W.2d 542 (Tex.Cr.App.1973);

Townsend v. State, 427 S.W.2d 55 (Tex. Cr.App.1968); and see Ainsworth v. State, 493 S.W.2d 517 (Tex.Cr.App.1973).

Appellant's single ground of error has been carefully considered and reversible error is not found. The judgment of the trial court is affirmed.

Opinion approved by the Court.