**Jack Lyndois TERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 49138–49140.**

Court of Criminal Appeals of Texas.

Jan. 8, 1975.

Kerry P. Fitzgerald, Dallas (Court-appointed on appeal), for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted in a single trial before a jury of three cases of assault with intent to murder a police officer. Punishment in each case was assessed by the court at fifteen years.

In his first ground, appellant argues that the indictments in each of the three cases are fundamentally defective in that they fail to charge an offense under the applicable statute, Art. 1160a, Vernon's Ann.P. C.

The indictment in our Cause No. 49,138 alleged that, in Dallas County, Jack Lyndois Terry

"On or about the 11th day of March in the year of our Lord One Thousand Nine Hundred and 73 in the County and State aforesaid, in and upon J. A. Turner make an assault with the intent then and there to murder the said J. A. Turner, the said J. A. Turner then and there being an officer, to-wit: a police officer of the City of Dallas, Texas, and being then and there in the lawful discharge of the duties of his office as such police officer which fact was then and there well known to the said JACK LYNDOIS TERRY, contrary to the form of the Statute in such cases made and provided,

and against the peace and dignity of the State."

The indictments in the other two cases read the same with the sole exception that the name of the complainant is different. Section 2 of Article 1160a, V.A.P.C., in effect at the time of the commission of the offense and also on the date of the trial, read:

"A person who assaults a peace officer with intent to murder while said officer is in performance of his official duty, knowing that the person assaulted is a peace officer, is guilty of a felony and upon conviction is punishable by imprisonment in the penitentiary for life or for any term of years not less than two."

Appellant's complaint is: "In each of the instant causes the indictment fails *to allege* that the defendant at the time of the alleged offense knew that the particular complainant assaulted was a peace officer. Instead, the indictment only charges appellant with knowledge of one fact, that the complainant was allegedly in the lawful discharge of duties of his office as a police officer."

■ Appellant argues that this is a defect of substance, and can be raised on appeal even though no motion to quash was filed in the trial court. Since the alleged insufficiency of the indictment is raised for the first time on appeal, only such contentions cognizable under Article 27.08, Vernon's Ann.C.C.P., to-wit, that the indictment failed to allege the constituent elements of the offense, are before the Court. American Plant Food Corporation v. State, 508 S.W.2d 598, 603 (Tex.Cr. App.1974); Peterson v. State, Tex.Cr. App., 508 S.W.2d 844.

■ We agree with appellant's contention that it was essential for the indictment to allege that the accused knew that the person assaulted was a peace officer. However, we conclude that the indictment sufficiently alleged that the assaulted party

was a police officer of Dallas then and there in the lawful discharge of the duties of his office as such officer and that such fact that he was such officer performing his duties was then and there well known to appellant. The indictment sufficiently alleged the offense with such certainty as to enable the accused to know what he was called upon to defend against, and to enable him to plead the judgment in bar for any further prosecution for the same offense. Voelkel v. State, Tex.Cr.App., 501 S.W.2d 313; Moore v. State, Tex.Cr.App., 473 S.W.2d 523.

The first ground of error is overruled.

■ In his second ground of error, appellant contends that the indictments in the three cases are fundamentally defective in that they omit a material word, to-wit, the term "did," in alleging the assault upon the assaulted party in each case.

As in the case of Zapata v. State, Tex. Cr.App., 493 S.W.2d 801, the indictments in the instant cases omitted the word "did" between the words "in the County and State aforesaid" and "in and upon J. A. Turner." See copied portion of the indictment, supra. Appellant contends that without the allegation that he "did" make the assault the indictment failed to contain everything that is necessary to be proved with the required degree of certainty.

In *Zapata*, supra, a motion to quash the indictment for the omission of the word "did" in the charging portion was overruled by the trial court. The offense was murder with malice. This Court, in affirming the conviction for that offense, said:

"Considering the definition of malice aforethought in connection with the indictment, we hold that the indictment sets forth the offense in plain and intelligible words as required under the provisions of Article 21.02(7), V.A.C.C.P. The insertion of 'did' in one of the two places or both would make the charging portion read smoother and more gram-

matically correct. To the extent that other cases are in conflict with this holding, they are overruled. See Edmondson v. State, 41 Tex. 496."

The indictments in the instant cases, which were presented into court on April 30, 1973, allege that on March 11, 1973, appellant "make" an assault with intent to murder, etc. Even without the word "did," if the word "make" should be construed as "made" there would have been no defect in the charging part of the indictments. It is obvious from the fact that the date of the alleged assault was over six weeks prior to the date the indictments were returned into court that the word "make" actually should be read as referring to the past tense, "made." When it is so read, as we conclude that any reasonable accused or his attorney would construe it, the language is clearly sufficiently intelligible to charge the offense. See Zapata, supra.

However, it is not essential in the instant case to determine whether the indictments in the instant cases were subject to a motion to quash in the trial court for the omission of the word "did," or for the use of "make" rather than "made." No motion to quash was filed, and the defect was not called to the attention of the trial court. Reference is made to the following, quoted from the dissent in Zapata v. State, supra (493 S.W.2d p. 807):

"In the instant case, the appellant, prior to trial, made a written motion to quash the indictment on the very ground now urged on appeal citing cases in support of the general rule discussed. The motion was overruled.

"It is difficult to imagine that, when the indictment was so challenged, the prosecutor did not seek a new one eliminating the question from the case. . . ."

Also, in Mesa v. State, Tex.Cr.App., 462 S.W.2d 600, relied on by appellant, the defect in the information was called to the attention of the trial court by a motion to quash.

In American Plant Food Corporation v. State, supra, this Court discussed at length the distinction in the rules applicable where a motion to quash an indictment is filed in the trial court, and where the alleged defect is raised for the first time on appeal. We quote as follows from the opinion:

"We think the observations made there [1] with respect to an exception for duplicity apply with equal logic to an exception for failure to give notice of precisely what the defendant is charged with and failure to allege sufficient facts to bar a subsequent conviction. Prior to trial any such requirements are for the defendant's convenience and may be raised, but if he goes to trial without raising any such objection, he may not urge them for the first time thereafter, since it must be presumed he has found the charge sufficient to his own satisfaction. He may not wait to see whether the jury will acquit him, and then, upon an adverse verdict, claim for the first time that he had no notice or that the charge will not bar a subsequent conviction. *Only if the defect be of such a degree as to charge no offense against the law, and thereby be void, will the exception to the substance be considered for the first time on appeal under Article 27.- 08(1), supra.* [2]

"In each of the instant cases, appellant filed motions to quash. However, it does not appear from the records that said motions were ever brought to the attention of the trial court, or that a ruling was ever secured thereon. *Conse-*

quently, *only such defects as would render the indictments insufficient to support the convictions may be considered after judgment or by this Court. . . ."* (Emphasis added)

We conclude that the indictments in the instant cases are sufficient to charge the offense of assault to murder a police officer, and to support the convictions.

For the reasons stated, we hold that the indictments in the instant cases are not fundamentally defective, and overrule appellant's second ground of error.

■ In his third ground, appellant complains of the court's refusal to include in its charge to the jury instructions on the law of aggravated assault.

Although there appears in the record a written instrument requesting a charge on aggravated assault filed before the cases were submitted to the jury and objections because of the omission of such, there is nothing to show that such request and objections were submitted to the court or brought to its attention prior to the charge being read to the jury. Also there is nothing in the record to indicate that such request and objections were ruled on by the trial court. Therefore, nothing is presented to this Court for review. Art. 36.15, V.A.C.C.P.; Newton v. State, Tex.Cr.App., 509 S.W.2d 610; Fair v. State, Tex.Cr. App., 465 S.W.2d 753; Stewart v. State, Tex.Cr.App., 438 S.W.2d 560; Seefurth v. State, Tex.Cr.App., 422 S.W.2d 931.

The judgments are affirmed.

Opinion approved by the Court.

1. Melley v. State, 93 Tex.Cr.R. 522, 248 S.W. 367.

2. "There is no exception to the substance of an indictment or information except:

"1. That it does not appear therefrom that an offense against the law was committed by the defendant;"