Combs & Dixie and King C. Haynie, all of Houston, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for preventing a person from engaging in a lawful vocation, punishment being one year in the penitentiary.

The prosecution is under the Act of the 47th Leg., 1941, c. 100, H.B.No.800, which appears in Vol. 3, Vernon's Texas P.C., as Art. 1621b.

Omitting formal parts, the indictment alleged that appellant "did by use of force and violence, attempt to prevent and did prevent Brantley Finch from engaging in a lawful vocation, to-wit, salesman on a bread route, at Channelview, Harris County, Texas, as an employee of Paul's Bakery."

The indictment was assailed by motion to quash for various claimed defects. We do not discover any vice in the State's pleading.

The difficulty we encounter is a failure to discover the evidence to support some of the descriptive averments of Mr. Finch's vocation. It is not alleged directly that he was the salesman of bread. Perhaps the reasonable conclusion from the averment would be that he was such a salesman. The facts show that he was no bread salesman at all, but was the seller of pies, jelly rolls, doughnuts and other sorts of pastries. That, however, is not the most serious question. Mr. Finch might be a salesman of pastries on a bread route, but we fail to find any evidence that the route of his travels was a "bread route". Such was averred as descriptive of his vocation which was alleged to have been interfered with by appellant.

It is also claimed that the State failed to prove that Mr. Finch was an employee of Paul's Bakery as alleged, he having repeatedly testified that he was an independent operator, buying his merchandise and selling it; and that the merchandise was his whether or not he sold it. The evidence on the question here mentioned is confusing and somewhat contradictory.

However, the judgment is reversed and the cause remanded for the other reasons given.

## WILLIAMS v. STATE.
### No. 22226.

Court of Criminal Appeals of Texas.
June 24, 1942.

Jake Jay Reich, of San Antonio, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted under Article 525 of the Penal Code for having solicited and procured a female to visit a male person at a particular house for the purpose of having sexual intercourse, and his punishment was assessed at a fine of $50 and confinement in the county jail for one month.

The complaint and information appear to be in regular form. The record is before us without a statement of facts or bills of exception. Hence no question is presented for review.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.