## J. A. BARNETT V. STATE.

No. 24143. November 10, 1948.
Rehearing Denied January 12, 1949.
Appellant's Request for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) January 19, 1949.

Hon. Henry King, Presiding Judge.

*Noah Roark* and *H. E.* (*Bill*) *Tarpley,* of Dallas, and *Wroe Owens,* of Austin, for appellant.

*Will R. Wilson, Jr.,* Criminal District Attorney, *Waller M. Collie,* Assistant District Attorney, and *George P. Blackburn,* First Assistant District Attorney, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted on an indictment charging that he obtained from H. J. Lange a Ford automobile of the value of Seven Hundred and Thirty-Five ($735.00) Dollars by fraudulently giving him a check on a bank where he did not have sufficient funds to pay such check and all other checks and demands outstanding on said bank. The punishment assessed was four years in the penitentiary.

In the forenoon of Saturday, April 5, 1947, the appellant and his brother, D. L. Barnett, went to Lange's home in answer to a newspaper advertisement offering a Ford car for sale. They arrived a few minutes before twelve o'clock, looked at the car, expressed satisfaction with it, and appellant asked that his brother be permitted to take it across town a short distance to show it to another party. This was granted and he soon returned to the home of Lange, where appellant had waited for him. They expressed a desire for the car but thought the price of $795.00 was too much. Lange explained that he had charge of it as agent to sell it for his son-in-law, and that he would have to see him about selling for a smaller price. Appellant returned about twelve-seventeen, in accordance with an agreement, and was told by Lange that he was authorized to sell the car for $735.00. The offer was accepted and appellant wrote his personal check for that amount on the Greenville Avenue State Bank, Dallas, in payment for the car. He received the papers and then asked Lange to take it down to a store a short distance away and deliver it to his brother, who had stopped there to get some cigarettes. This was done and the evidence shows that

appellant drove in another car along with his brother to a car dealer by the name of Brooks, at the place where he had taken the car with Lange's permission while they were negotiating for it about an hour earlier. The evidence further shows that appellant waited in his car, about one hundred feet away, while the brother drove into the place of business of Brooks and sold him the car for Six Hundred Dollars, taking Brooks' check therefor. The brother then went to the car where appellant was waiting, got in and they drove away.

A day or two later Lange presented the check for payment to the bank on which it was drawn. The evidence is without dispute that the bank had on that date only $112.95 to the credit of appellant. Three days later he had $21.95. No additional deposits had been made. Shortly thereafter the account was closed by the withdrawal of all of the funds in the bank. Lange got in communication with appellant who promised, on several occasions, to take up the check with the money. He failed to meet the engagement that he made for this purpose and failed to take up the check or to pay any amount on it. The foregoing constitute the salient facts introduced by the State. The defendant did not testify or offer any evidence in his behalf.

The bill of Indictment was returned on July 25, 1947. The case was tried and the charge read to the jury on January 22, 1948. When the case was called for trial the defendant presented his second motion for continuance. This motion was predicated on the absence of his step-son, Thomas Schwanz, and his brother, D. L. Barnett. Schwanz is alleged to be in the United States Marine Corps stationed at Oceanside, California. The contents of the first motion is not shown by the record. There is no showing in the record that any effort was made to obtain the deposition of the absent witnesses, or either of them, after the first continuance was granted. It is alleged in the motion that the witness Schwanz was present at the time the check involved in the case was given and that he heard the defendant tell the payee that he did not have in the bank sufficient funds to pay such check, and directed him to not present it for payment until the defendant told him to do so; that he would further testify that the prosecuting witness agreed to this.

It is also set out that D. L. Barnett lived in Denton County, Texas; that a subpoena was issued January 19, 1948, for said witness—two days before the case was set for trial—and that he has since learned that said witness was out of the county

when the case was set for trial and at the time thereof. Appellant wanted to prove by this witness the same facts as from Schwanz. The State filed a contest to this application for second continuance, setting out allegations of fact which the court concluded against the appellant. Presumably such facts were found as will sustain the court's order overruling the motion. In the state of the record appellant's Bill of Exception No. 1 does not show error.

Bill No. 2 complains of the introduction of evidence of the price for which D. L. Barnett sold the car to H. S. Brooks. The foregoing statement of the facts clearly indicates the participation in the crime by D. L. Barnett; that the two brothers were acting together. Appellant was only a hundred feet away and waiting for the brother until he had completed the sale to Brooks. They drove off together with the fruits of their swindle. The court's qualification of the bill is quite lengthy and develops all of these facts. There was no error in admitting the testimony.

Bill of Exception No. 3 complains of the introduction of the check in evidence on the alleged ground that beneath the name of J. A. Barnett in the check as copied in the indictment were the words "4200 Willon", whereas, the check introduced in evidence has the words "4200 Willow." Lengthy argument and authorities presented by the opposing sides on this subject need not be considered. The original check is brought to this Court with the record. The last letter of the word in question is as much an "n" as it is a "w". It could be accepted as either and in this view no question may be raised.

Bill of Exception No. 4 has no merit whatsoever.

Bill of Exception No. 5 claims a variance between the allegation in the indictment and the proof, in that the evidence shows L. C. Orr to be the owner of the car instead of H. J. Lange as alleged. The undisputed testimony on the subject was given by Lange who said, "At that time, I had the care, custody, management and possession of a 1939 Ford 2-door Sedan that belonged to my son-in-law, L. C. Orr." The variance is predicated on the contention that, in as much as Lange did not have the power to sell for a less price than that advertised until he conferred with Orr, for whom he was acting, he did not have the custody, possession and control of the car. He did have it with authority to sell it and he exercised that authority. His only limitation was in the price for which he should sell it. He secured permission to sell it for $735.00 and it seems this

was not further limited. Had he failed to sell it he would still have been in possession and control of it. Authorities will not be needed to support the conclusion that there is no merit in the bill.

As qualified by the court Bill of Exception No. 6 is without merit.

Bill No. 7 attempts to bring for our consideration a complaint about the remarks of the prosecuting attorney as to the custom and practices of the office of the District Attorney. It appears that these remarks were objected to and sustained by the court, and that there was no further exception taken at the time. The matter was again brought to the attention of the court to grant the motion for new trial and the bill is predicated on the refusal of the court to grant the motion for a new trial. The court did all he was asked to do at the time objection was made to the argument and the bill is not directed to the argument, as made, but to the action of the court in refusing to grant his motion for new trial. The complaint can not be brought in this manner. Furthermore, there is no allegation that the argument thus made was not invited and not in response to any argument made by the defense attorneys. Lerma v. State, 200 S. W. (2d) 635; Dinklage v. State, 198 S. W. (2d) 578; and cases there cited. In this the bill is defective, and would be even if it is construed to properly direct an exception to the argument as made and the ruling of the court at that time.

Bill of Exception No. 8 complains of the court's charge. It is set out that the indictment alleged H. J. Lange to be the owner, whereas the court charges that "* * * ownership of the property may be alleged to be either in the person who owned the same or in the person who has the care, custody, control, management and possession of the same." We are unable to discover from the bill and the argument in its behalf just what appellant had in mind as a basis for an objection. The language appears to be clear and in accordance with proper procedure.

Bill of Exception No. 9 is without merit as qualified by the court. Bills of Exception Numbers 10 and 11 complain of the insufficiency of the language in the indictment to describe an offense. We cannot agree that it was thus faulty.

Finding no reversible error, the judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing, appellant asserts that in our original disposition of this case we erred in several respects. First, in holding that H. J. Lange was the owner of the automobile in question, whereas, the proof showed that his son-in-law, L. C. Orr, was the true and legal owner which constitutes a variance between the allegation and proof. This question was sufficiently discussed in the original opinion and was properly disposed of.

He next asserts that we erred in not sustaining his bill of exception relating to the court's action in overruling his motion for a continuance. This was appellant's second application for a continuance and the trial court was fully justified in overruling the same on the ground that appellant had failed to use due diligence. Moreover, it appears from the record that the absent witness, D. L. Barnett, was a co-conspirator with appellant in the commission of the offense. We think this question was properly disposed of in our original opinion.

He also claims that we were in error in holding that the testimony of Mr. Brooks was admissible. Whatever conversation and transaction took place between Brooks and D. L. Barnett relating to the automobile in question was admissible on the theory that any act or transaction by one co-conspirator in the furtherance of the common design is admissible on the trial of either party. See Taylor v. State, 3 Tex. App. 200; Gracy v. State, 57 Tex. Cr. R. 68 (121 S. W. 705); Wallace v. State, 46 Tex. Cr. R. 341 (81 S. W. 966); and Branch's Ann. P. C., page 352, Sec. 694, where many cases are cited. Moreover, appellant was within one hundred feet of Brooks and D. L. Barnett when the automobile which appellant had purchased from H. J. Lange a very short time before for $735.00 was sold by D. L. Barnett to Brooks for $600.00.

All other matters re-urged by appellant have been considered by us, and we are of the opinion they were correctly disposed of.

The motion for a rehearing is overruled.

Opinion approved by the Court.