### GRADY IVEY v. STATE.

No. 25,517. December 5, 1951.
Rehearing Denied February 20, 1952.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) April 2, 1952.
Appeal Dismissed by Supreme Court of United States,
October 13, 1952.

Hon. Henry King, Judge Presiding.

*Mullinax, Wells & Ball,* by *L. N. D. Wells, Jr.,* and *Otto B. Mullinax, Dallas,* for appellant.

*Henry Wade,* District Attorney, *Gene Bailey,* First Assistant District Attorney, *C. S. Potts,* Assistant District Attorney, Dallas, *Price Daniel,* Attorney General of Texas, *Willis E. Gresham* and *Calvin B. Garwood, Jr.,* Assistants Attorney General, Austin, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

The offense is preventing another from engaging in a lawful vocation as denounced by Article 1621b, Penal Code; the punishment, one year in the penitentiary.

The injured party, Henry Fennell, testified that for some three years prior to the month of January, 1951, he had been an employee of the Weaver Iron Works in Dallas; on the 5th

day of that month when he came to work, he noticed a group of his fellow employees and a Mr. Cook, the union representative, gathered outside the gate, and he was informed by them that a strike had been called. Fennell related that he did not then cross the picket line but that he did return to the plant in the afternoon to get his check and get his tools, at which time Cook told him that the checks would be brought to the gate. Fennell stated that, while there, one Adams, a fellow employee, came up to the automobile in which he was seated and indicated his desire that Fennell not cross the picket line even to get his tools, stating that by so doing he might cause others to go in the plant and go to work. At this juncture, Fennell testified that he and Adams had a slight altercation and were separated by their fellow employees.

Fennell related that on the Monday following he and his 17-year old brother, Jimmie Fennell, who also was employed at the plant, returned to work and crossed the picket line. At the close of the day, as he and his brother prepared to leave the plant, he testified the same Adams came up to his side of the automobile, and the appellant approached the same from the opposite side where Jimmie was seated. Adams called Fennell a scab and opened the door next to which he was seated. According to Fennell, he closed the door two or three times; Adams opened it again each time, finally grabbing Fennell by the arm, causing him to come out of the car. Fennell testified that he and Adams struggled, though not exchanging blows, back into the plant enclosure, that something hit him from the side and knocked him unconscious, and that when he came to he was carried to the doctor.

One Milam, who was employed by another firm within the same plant enclosure, testified about Adams' actions, as heretofore related by Fennell and, further, that the appellant had followed Adams and Fennell and hit Fennell twice. Milam stated that at this juncture he personally interceded, pulled Adams away from Fennell and that thereafter the appellant continued to hit Fennell until he fell to the ground. Milam further related that appellant stomped Fennell in the face with his cowboy boot as he lay prone on the ground and that he desisted when Cook said, "That's enough, Grady; let's go."

*Medical testimony was introduced showing that Fennell's* cheekbone had been fractured in the assault.

We come now to a consideration of the sufficiency of the indictment. Omitting the formal parts, the indictment alleged:

". . . use force, threats and violence by striking and beating with his hands, and kicking and stamping with his feet the said Henry Fennell, and in doing so prevented and attempted to prevent the said Henry Fennell from engaging in *an* lawful vocation at the Weaver Iron Works, Inc. in Dallas County, Texas."

It is contended that the indictment is fatally defective in that the word "did" is omitted from the beginning of the above quoted portion of the indictment.

In Branch's Texas Annotated Penal Code, Section 492, we find the following: "The word 'did' is an essential word in indictments, information and complaints, where the acts which constitute the offense are being set forth." In each of the cases set forth thereunder, we find that the use of the word "did" was essential to the certainty necessary in the description of the offense. However, we feel that the case at bar, by virtue of the presence in the indictment of the phrase "in doing so," brings itself within the rule set forth in Section 493 of the above, which is stated as follows:

"If, eliminating surplusage, the indictment so avers the constituent elements of the offense as to apprise defendant of the charge against him and enable him to plead the judgment in bar of another prosecution, it is good in substance, under our Code, and therefore sufficiently charges the offense."

It is further contended that the indictment herein should have charged that such assault and violence used by appellant upon the complaining witness was thus used with the intent to prevent such witness from engaging in such employment, the gist of the contention being that the word "intent" should have been utilized in this charge. With this proposition, we cannot agree. It is not in every charge of violence that it is necessary to charge the intent with which such violence was used. It would be a redundant allegation to say that such violence was with the intent to attempt to prevent. As illustrative of such matter, we cite Article 1190, Penal Code, which denounces an attempt to commit rape. It would be necessary under such latter charge to prove that the intent was to commit rape; nevertheless, the statute and the decisions thereunder do not require the word "intent" to be used in an indictment relative thereto. We think the word "attempt" carries with it the "intent." We see no

ground for objection to such indictment. See notes and decisions under Article 1190, *Penal Code*, and also Form No. 258, Willson's *Criminal Forms*, (5th Edition), p. 319.

In Adams v. State, 144 Tex. Cr. R. 399, 163 S. W. (2d) 410, we approved the form of the indictment as against the other complaints raised in the motion. In the motion there, we find several of the same points as are raised by appellant here. We conclude that the indictment contains the essential elements denounced by the statute.

Appellant challenges the sufficiency of the evidence to support the conviction. His contention is that the state failed to show that at the time appellant assaulted Fennell he had the specific intent, design and purpose of preventing or attempting to prevent Fennell from engaging in a lawful vocation. Appellant lists some eleven other possible reasons, which he claims are raised by the evidence, that could have motivated appellant in assaulting the prosecuting witness other than to prevent said witness from engaging in a lawful vocation. Appellant asserts that the duty lay upon the state to negative these in its proof and argues that such was not done.

This contention was ably presented to the jury in that portion of the court's charge which reads as follows:

"You are further charged that even though you may find and believe from the evidence beyond a reasonable doubt that the defendant used force or violence, as set out in the indictment, upon the person of Henry Fennell yet you cannot convict the defendant under the indictment in this cause unless you further find and believe from the evidence beyond a reasonable doubt that such force or violence used by the said Grady Ivey, if any he used, was with the intent and for the purpose of preventing the said Henry Fennell from engaging in a lawful vocation; therefore, you are instructed that if you should find and believe from the evidence beyond a reasonable doubt that the defendant, Grady Ivey, used force or violence, as set out in the indictment, upon the person of Henry Fennell at the time and place described in the indictment but you further find and believe from the evidence that at the time the defendant used such force or violence upon the person of Henry Fennell, if any be used, that such force or violence, if any, was not used for the purpose to prevent or to attempt to prevent the said Henry Fennell from engaging in a lawful vocation at the Weaver Iron Works, Inc., in the County of Dallas, and the State of Texas,

or if you have a reasonable doubt thereof, then, you will find the defendant not guilty."

To this court, the following facts are significant.

1. On the Friday preceding the assault, Cook, the union representative, had counselled the injured party not to cross the picket line but to wait until his check was brought out to him.

2. On the same day, Adams had urged Fennell not to cross the picket line.

3. Adams and appellant stepped up to the Fennell automobile simultaneously as Fennell was leaving the plant.

4. Adams called Fennell a scab and assaulted him.

5. Appellant joined Adams in this assault and continued to assault Fennell after he and Adams had been separated.

6. That after the assault on Henry Fennell, appellant turned and knocked Jimmie Fennell to the ground.

7. Cook instructed appellant to refrain from continuing the assaults, and appellant complied with these instructions.

8. All this took place at a picket line while a strike was in progress.

From these, we deem the evidence sufficient to support this conviction.

Bill of exception No. 1 complains that, while questioning the jury panel, the prosecutor, in stating the essential elements of the offense charged in the indictment, failed to incorporate the element of specific intent. The court's qualification of the bill shows that, during the course of appellant's examination of the panel, each juror assured him that they would require a showing of specific intent on the part of appellant to prevent the injured party from engaging in a lawful vocation. Attention is further directed to the court's charge set forth above herein.

Bill of exception No. 2 is in question and answer form without a certificate of the trial court authorizing the same. It will

be further noted that it presents five objections and a like number of rulings by the court, and is therefore multifarious and cannot be considered. Texas Digest, Criminal Law, 1091(14) and 1092(14)c.

We come now to a consideration of appellant's bystanders' bill of exception. It relates to the closing argument of the prosecutor.

We do not condone the argument, but the same must be brought forward for our review in accordance with the law. The bystanders' bill reflects four separate portions of the argument, the objections to three parts thereof, and the rulings of the court thereon, and therefore comes within the rule set forth above.

"Furthermore, there is no allegation that the argument thus made was not invited and not in response to any argument made by the defense attorney." Barnett v. State, 152 Tex. Cr. R. 626, 216 S. W. (2d) 218, and cases cited there.

For the reasons set forth, the bill cannot be considered.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

At appellant's insistence we have again examined the complaints registered against the indictment, and we remain convinced of the correctness of our original opinion.

We do not agree with appellant in his contention that a variance exists between the allegations of the indictment and the proof—that is, that the indictment alleged interference with a lawful vocation at Weaver Iron Works, Inc., while the proof shows interference with a lawful vocation at Lawrence Warehouse Company. We again call attention to the testimony of the injured party, Fennell, to the effect that he was employed and paid by the Weaver Iron Works. This testimony supported the allegations of the indictment and was authorized to be accepted and believed by the jury.

Appellant contends that the statute (1621b, Vernon's P. C.),

as here applied, constitutes a denial to him of equal protection of the law. This contention is based upon the proposition that a discrimination is made between a union and a non-union man under the same state of facts or circumstances.

This prosecution is based upon Sec. 1. of Art. 1621b, P. C., which has no reference to labor unions or members thereof or to labor disputes. By that statute, all persons violating its provisions are guilty. No exception is contained in the statute. The fact that this prosecution arose out of a labor dispute or involved union and non-union individuals could not affect the constitutionality of the statute or render the application here made a denial of equal protection of the law.

In Ex Parte Frye, 143 Tex. Cr. R. 9, 156 S. W. 2d 531, we held that the intent to prevent one from engaging in a lawful vocation is an essential element of the offense for which appellant has been here convicted—and this, notwithstanding the fact that such intent is not expressly written into the statute. The correctness of that conclusion finds support by the Supreme Court of the United States in the recent case of Morisette v. United States, 96 L. Ed. (advance opinion), 180, where in a Federal statute, intent was held to be an essential element although not specifically set forth therein.

We held, originally, the allegation of intent to be sufficiently alleged in the indictment by the use of the words, "attempted to prevent the said Henry Fennell from engaging in a lawful vocation." In addition to what was there said, the conclusion reached finds support in the case of Fowler v. State, 66 Tex. Cr. R. 500, 148 S. W. 2d 576, where a conviction for assault with intent to rape was sustained upon an indictment alleging that the accused did "attempt to ravish and have carnal knowledge of the said" female. It was there held that the use of the word, "attempt," in lieu of the word, "intent," was sufficient to charge assault with intent to rape, upon the theory that the only distinction between an "intent" and an "attempt" to do a thing is that the former implies the purpose only, while the latter implies both purpose and actual effort to carry that purpose into execution.

Appellant's motion for rehearing is overruled.

Opinion approved by the court.