**Alfred WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58270.**

Court of Criminal Appeals of Texas,
Panel No. 2.

Oct. 24, 1979.

Larry Warner, Amarillo, for appellant.

Jimmy F. Davis, Dist. Atty., Dimmitt, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

OPINION

CLINTON, Judge.

This is an appeal from a conviction for aggravated assault on a peace officer in which the jury assessed appellant's punishment at confinement in the Texas Department of Corrections for a term of seven years and six months.

Appellant presents two grounds of error for our consideration contending that the State failed to prove that the complaining witness was a duly constituted peace officer under the ambit of Article 6869, V.A.T.S. and further, that V.T.C.A. Penal Code, § 22.02(a)(2) denominating the offense of aggravated assault on a peace officer as a third degree felony, is violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. We overrule these contentions and, accordingly, affirm the judgment.

Appellant was taken into custody by Deputy Sheriff Granville Martin on the evening of July 17, 1976 after Martin observed him in an apparently intoxicated state. Martin placed appellant in his patrol car bearing the insignia of the Castro County Sheriff's Department for the ride from Hart to Dimmitt. En route, Martin testified, appellant became belligerent and began using a great deal of obscenity in the presence of Martin's wife, who was also riding in the vehicle. When Martin cautioned appellant to have some respect for his wife by not being profane, appellant began punching Martin as the latter was attempting to operate his vehicle. Appellant then let himself out of the patrol car [he was not handcuffed] and took flight. After stopping the patrol unit, Martin pursued appellant on foot for some distance, recounting that appellant yelled that the only way he [appellant] would stop would be if he was shot. Martin then discharged his service revolver, wounding appellant, and taking him into custody.

In his first ground of error, appellant contends that the State failed to adequately prove that the complaining witness, Deputy Sheriff Martin, was in fact a duly constituted peace officer. Specifically, appellant contends that the State's proof was insufficient compliance with Article 6869, V.A.T.S.[1] in that:

1. Article 6869, supra, provides in pertinent part:

"Sheriffs shall have the power, by writing, to appoint one or more deputies for their respective counties, to continue in office during the pleasure of the sheriff, who shall have power and authority to perform all the acts and duties of their principals; and every person so appointed shall, before he enters upon the duties of his office, take and subscribe to the official oath, which shall be indorsed on his appointment, together with the certificate of the officer administering the same; and such appointment and oath shall be recorded in the office of the County Clerk and deposited in said office."

1.  State's Exhibit 3, Martin's *deputation card* does not contain the official oath, is not a subscription to the official oath by the purported deputy, and contains no certificate of an officer authorized to administer an oath to the effect that he had so administered an oath;

2.  The *bond* executed by Martin does not contain the official oath, is not a subscription to the official oath by the purported deputy and contains no certificate of an officer authorized to administer oaths to the effect that he had so administered an oath; and

3.  Martin's *appointment* and *oath* were not recorded in the office of the County Clerk.

The record below evidences that Martin was a deputy sheriff on the night in question and had been employed in that capacity for over twenty years in Castro County. Martin testified that he was dressed in his deputy's uniform replete with badge and was driving a patrol vehicle with emergency lights and the insignia of the Castro County Sheriff's Department. Ms. Zonell Maples, the District/County Clerk for Castro County testified that Martin had filed a bond in her office as required by Article 6869, supra, and that the bond was signed by Martin and that the official oath of office was endorsed on that bond.[2]

▮ Under the facts and circumstances presented, we need not reach appellant's contention that Martin failed to comply with the letter and tenor of Article 6869, supra, as we believe that the evidence below clearly showed that Martin was a de facto deputy sheriff on the night in ques-

tion as that term was defined in *Weatherford v. State*, 31 Tex.Cr.R. 530, 21 S.W. 251 (1893) from other sources:

> A de facto officer is one who has the reputation of being the officer, and yet is not a good officer in point of law; in other words, the de facto officer is one who acts under color of a known and valid appointment, but has failed to conform to some precedent requirement, as to take the oath, give a bond, or the like.

The trial court required the jury to find, beyond a reasonable doubt, that Martin was a deputy sheriff; it did, and the evidence is sufficient to support its finding. *Burkhardt v. State*, 83 Tex.Cr.R. 228, 202 S.W. 513, 514–515 (1918); see *Broach v. Garth*, 50 S.W. 594 (Tex.Civ.App.1899). Accordingly, the trial court did not err in overruling appellant's motion for an instructed verdict contending otherwise. *Freeman v. State*, 556 S.W.2d 287, 304 (Tex.Cr.App.1977). Appellant's first ground of error is overruled.[3]

▮ In his second ground of error, appellant contends that V.T.C.A. Penal Code, § 22.02(a)(2) denominating the offense of aggravated assault on a peace officer as a third degree felony is violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The thrust of appellant's contention is that the statute does not advance a "compelling governmental interest" by increasing the range of punishment for an otherwise misdemeanor offense merely because the victim is a peace officer. We believe this contention is wholly without merit. A citizen has not been endowed with a consti-

---

2.  Actually, we observe from a copy of the bond that is of record, an oath, as such, is not on or with the bond; apparently what Maples had in mind was the condition of the bond to the effect that Martin "shall well, truly and faithfully perform all official duties now required of him by law and shall . . . well, truly and faithfully execute and perform all the duties of such office required by any law to be enacted . . . ." The bond, dated May 28, 1957, is signed by Martin and his surety, but not sworn to. The obligee named in the bond is the Sheriff of Castro County.

3.  Appellant's contention that the initial arrest was unlawful is similarly without merit. Martin testified that he observed appellant in an intoxicated condition in a public place and further, that he had received information that appellant had engaged in throwing beer cans through the window of a Mrs. Scott and that appellant had allegedly pulled a knife on Mrs. Scott's daughter. It is axiomatic that a peace officer has the right to make a warrantless arrest of one found to be intoxicated in a public place. *Chambler v. State*, 416 S.W.2d 826 (Tex.Cr.App.1967); *Johnson v. State*, 397 S.W.2d 441 (Tex.Cr.App.1965); *Rent v. State*, 160 Tex.Cr.R. 326, 268 S.W.2d 674 (1954).

tutional right to assault anyone, much less a peace officer, so a "close scrutiny" review of the statute is not demanded.[4] We are satisfied that there is in fact a rational connection or nexus between the legislative goal of insuring safety of its peace officers and the means chosen to effectuate this end.

Insofar as the contention complains of unreasonable classification, the long-standing general constitutional rule is that a state, in exercise of its discretionary police power, may make classifications as to persons amenable to punishment as long as the classifications are reasonable and the statute bears equally on all in the same class, *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459, 465, 67 S.Ct. 374, 91 L.Ed. 422 (1947), rehearing denied 330 U.S. 853, 67 S.Ct. 673, 91 L.Ed. 1295 (1947), 16A C.J.S. Constitutional Law § 563a, Criminal Liability, p. 519, and it has been held that conversion of an offense into a more serious offense solely because the victim is a police officer is not violative of equal protection guarantees, *People v. Hanson*, 53 Ill.2d 79, 289 N.E.2d 611, 613 (Ill.1972) cert. denied 411 U.S. 937, 93 S.Ct. 1916, 36 L.Ed.2d 398 (1973); *People v. Prante*, 177 Colo. 243, 493 P.2d 1083, 1086 (1972). This Court has held invulnerable to an equal protection challenge a state statute that upgraded such misdemeanor offenses as assault and aggravated assault to felonies when inflicted upon a narrowly prescribed class of victims in the course of a labor dispute, *Ivey v. State*, 157 Tex.Cr.R. 548, 247 S.W.2d 105, 109 (1952), appeal dismissed (for the want of a substantial federal question) 344 U.S. 801, 73 S.Ct. 16, 97 L.Ed. 625 (1952); *Ex parte Frye*, 143 Tex.Cr.R. 9, 156 S.W.2d 531, 534 (1941).

We cannot discern any equal protection violation in an exercise of legislative power that categorizes peace officers as a class of assaulted victims with respect to which a higher penalty is imposed for an offense committed against one of the class by a person who is otherwise legally responsible for his criminal conduct and, accordingly, hold that V.T.C.A. Penal Code, § 22.-02(a)(2) does not offend the Equal Protection Clause of the Fourteenth Amendment or any provision of the Bill of Rights in the Texas Constitution. The second ground of error is overruled.

Finding no reversible error, we affirm the judgment of conviction.

---

**4.** *State v. Wehde*, 258 N.W.2d 347, 351–352 (Iowa 1977). If a statutory inhibition does not implicate some personal constitutional protection, its validity is determined by the traditional rational-basis test. See, e. g., *Estelle v. Dorrough*, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975).