Jamie NIETO, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 10–98–180–CR.

Court of Appeals of Texas, Waco.

April 14, 1999.

**875**

David B. Fannin, Austin, for appellant.

William C. Kirkendall, District Attorney, Frank Follis, Assistant District Attorney, Seguin, for appellee.

Before Justice VANCE, Justice GRAY and Chief Justice McDONALD (Retired).

## OPINION

FRANK G. McDONALD, Chief Justice (Retired).

Appellant Nieto appeals his conviction for aggravated assault, for which he was sentenced to eight years in the Institutional Division of the Texas Department of Criminal Justice.

Appellant was indicted for aggravated assault, *i.e.,* "causing bodily injury to Robert Gonzales" by stabbing him with a knife, a deadly weapon. Trial was to a jury which found Appellant guilty and as-sessed his punishment at eight years in prison. Appellant was represented by employed counsel. By different employed counsel Appellant appeals.

New counsel has filed two briefs. In his first brief he states that Appellant is not indigent but that he did not make financial arrangements with the court reporter to obtain a reporter's record. TEX.R.APP. P. 35.3(b)(3), 37.3(c). Counsel's first brief is an *"Anders"* brief and states that the appeal is frivolous. His second brief states that "it was determined that *"Anders"* does not apply to retained counsel and that he was "ordered" to file a brief on the merits." The second brief asserts two points of error.

■ Point 1: "The statutory amendment which elevated the classification of the offense of aggravated assault from a third-degree felony to a second-degree felony violated the equal protection clause."

Specifically, Appellant argues that the reclassification of the offense of aggravated assault was unreasonable in that it was without a rational basis reasonably related to a valid government interest and, thus violated the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

Appellant's point was decided directly against him in *Morales v. State,* 951 S.W.2d 59, 61 (Tex.App.—Corpus Christi 1997, no pet). Construing the same amendment to Article 22.02 of the Texas Penal Code, of which Appellant complains, the court found the amendment *not* to be in violation of the Equal Protection Clause or constitutionally unsound. The court cites *Williams v. State,* 588 S.W.2d 593 (Tex.Crim.App.1979), which considered the constitutionality of the same statute making an assault on a public servant a felony instead of a misdemeanor, and found no violation of the Equal Protection Clause of the U.S. Constitution.

Point 1 is overruled.

Point 2: "Appellant was denied reasonably effective assistance of counsel at the guilt-innocence and the punishment phases of trial in violation of the Sixth Amendment to the U.S. Constitution, and Article I, § 10 of the Texas Constitution."

■■■ *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986), set the standard for analyzing a claim of ineffective assistance of counsel. These cases adopted a two-pronged analysis for claims of ineffective assistance. Under the first prong, the defendant must show that counsel's performance was deficient by norms of the community to the extent that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment. *Strickland* at 687, 104 S.Ct. 2052. Under the second prong the defendant must show that counsel's performance prejudiced the defense. *Id.* To show prejudice "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694, 104 S.Ct. 2052. The burden of proving ineffective assistance is on the defendant and it must be proved by a preponderance of the evidence. *Moore v. State,* 694 S.W.2d 528, 531 (Tex.Crim.App.1985). And when reviewing a claim of ineffective assistance, "the court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance"; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action or omission "might be considered sound trial strategy." *Strickland* at 689, 104 S.Ct. 2052; *Jackson v. State,* 877 S.W.2d 768 (Tex.Crim.App.1994).

■■ The standard for evaluating a punishment-phase "ineffective counsel" claim is the reasonably effective assistance standard of *Ex parte Duffy,* 607 S.W.2d 507, 516 (Tex.Crim.App.1980). The test is whether the defendant received reasonably effective assistance of counsel, *i.e.,* whether counsel was reasonably likely to render effective assistance and whether counsel reasonably rendered effective assistance.

Specifically, Appellant asserts that his trial counsel was "ineffective for failing to object to the 'unconstitutional statute' and for not moving to dismiss the indictment." The statute is constitutional as noted in our discussion of point 1.

■■ Appellant further asserts that trial counsel did not subpoena favorable witnesses at the punishment hearing. He does not say who these witnesses were or what their testimony would have been. Absent a showing that potential witnesses were available and that their testimony would benefit the defense, counsel's failure to call witnesses is of no moment. *Wilkerson v. State,* 726 S.W.2d 542 (Tex.Crim. App.1986).

Point 2 is overruled. The judgment is affirmed.