TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00125-CR







Kenneth Allen Lukasik, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW OF COMAL COUNTY


NO. 99CR-1426A, HONORABLE BRENDA CHAPMAN, JUDGE PRESIDING







On appeal de novo from municipal court, the county court at law found appellant
Kenneth Allen Lukasik guilty of failing to maintain financial responsibility and imposed a $250 fine. 
See Tex. Transp. Code Ann. § 601.191 (West 1999). The only issue presented on appeal is whether
the trial court erred by overruling appellant's motion to dismiss the prosecution on the ground that
the police officer who signed the complaint had not complied with article XVI, section 1 of the
Texas Constitution. We find no error and affirm the conviction.

The Texas Constitution requires the Secretary of State "and all other appointed
officers" to take an oath of office before entering upon the duties of their offices. Tex. Const. art.
XVI, § 1(c). These persons are also required to subscribe to a statement of appointment (referred
to by appellant as an "anti-bribery statement"), and to file that statement with the Secretary of State
before taking the oath of office. Id. § 1(d), (f). At the hearing on his motion to dismiss, appellant
introduced a Secretary of State's certificate stating that the records of his office did not contain a
filing for New Braunfels Police Officer Frank Moreno, who signed the complaint on which
appellant's prosecution rests.

Appellant cites no authority holding that a city police officer is subject to article XVI,
section 1. For the sake of this opinion, however, we will assume without deciding that Officer
Moreno was required to take the oath of office prescribed by article XVI, section 1(c), and to
subscribe to and file the statement of appointment required by article XVI, section 1(d) and (f).

Officer Moreno testified at the hearing that he had taken an oath as a New Braunfels
police officer. Appellant offered no evidence and does not now contend that Moreno did not take
the oath required by article XVI, section 1(c). At the hearing below, appellant argued that Moreno
was required to file both his oath of office and the statement of appointment with the Secretary of
State. In fact, the constitution does not require that the oath of office be in writing or that it be filed
with the Secretary of State; the filing requirement in section 1(f) refers only to the statement of
appointment. On appeal, appellant argues only that the officer's failure to sign and file the statement
of appointment renders his actions as a police officer void.

Officer Moreno's failure to file a signed statement of appointment does not affect his
status as a de facto police officer. A de facto officer is one who has the reputation of being an officer
and who acts under color of a known and valid appointment, but who has failed to conform to some
precedent requirement such taking an oath, giving a bond, or the like. Williams v. State, 588 S.W.2d
594, 595 (Tex. Crim. App. 1979) (citing Weatherford v. State, 21 S.W. 251 (Tex. Crim. App. 1893)). 
Moreno testified that he was a certified peace officer and had been employed as a New Braunfels
police officer for fourteen years. On this record, Moreno qualified as a de facto officer despite any
failure to sign and file the statement of appointment. Id.; Henry v. State, 828 S.W.2d 312, 314-15
(Tex. App.--Fort Worth 1992, pet. ref'd). A de facto police officer may validly make arrests
pursuant to state law. Op. Tex. Att'y Gen. No. DM-381 (1996). We hold that Moreno was
authorized to cite appellant for failing to maintain financial responsibility, and that any failure to sign
and file the statement of appointment did not affect the validity of the complaint against appellant.

The point of error is overruled and the judgment of conviction is affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: November 15, 2001

Do Not Publish