# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00125-CR

**Kenneth Allen Lukasik, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW OF COMAL COUNTY
### NO. 99CR-1426A, HONORABLE BRENDA CHAPMAN, JUDGE PRESIDING

On appeal *de novo* from municipal court, the county court at law found appellant Kenneth Allen Lukasik guilty of failing to maintain financial responsibility and imposed a $250 fine. *See* Tex. Transp. Code Ann. § 601.191 (West 1999). The only issue presented on appeal is whether the trial court erred by overruling appellant's motion to dismiss the prosecution on the ground that the police officer who signed the complaint had not complied with article XVI, section 1 of the Texas Constitution. We find no error and affirm the conviction.

The Texas Constitution requires the Secretary of State "and all other appointed officers" to take an oath of office before entering upon the duties of their offices. Tex. Const. art. XVI, § 1(c). These persons are also required to subscribe to a statement of appointment (referred to by appellant as an "anti-bribery statement"), and to file that statement with the Secretary of State before taking the oath of office. *Id*. § 1(d), (f). At the hearing on his motion to dismiss, appellant introduced a Secretary of State's certificate stating that the records of his office did not contain a

filing for New Braunfels Police Officer Frank Moreno, who signed the complaint on which appellant's prosecution rests.

Appellant cites no authority holding that a city police officer is subject to article XVI, section 1. For the sake of this opinion, however, we will assume without deciding that Officer Moreno was required to take the oath of office prescribed by article XVI, section 1(c), and to subscribe to and file the statement of appointment required by article XVI, section 1(d) and (f).

Officer Moreno testified at the hearing that he had taken an oath as a New Braunfels police officer. Appellant offered no evidence and does not now contend that Moreno did not take the oath required by article XVI, section 1(c). At the hearing below, appellant argued that Moreno was required to file both his oath of office and the statement of appointment with the Secretary of State. In fact, the constitution does not require that the oath of office be in writing or that it be filed with the Secretary of State; the filing requirement in section 1(f) refers only to the statement of appointment. On appeal, appellant argues only that the officer's failure to sign and file the statement of appointment renders his actions as a police officer void.

Officer Moreno's failure to file a signed statement of appointment does not affect his status as a *de facto* police officer. A *de facto* officer is one who has the reputation of being an officer and who acts under color of a known and valid appointment, but who has failed to conform to some precedent requirement such taking an oath, giving a bond, or the like. *Williams v. State*, 588 S.W.2d 594, 595 (Tex. Crim. App. 1979) (citing *Weatherford v. State*, 21 S.W. 251 (Tex. Crim. App. 1893)). Moreno testified that he was a certified peace officer and had been employed as a New Braunfels police officer for fourteen years. On this record, Moreno qualified as a *de facto* officer despite any

2

failure to sign and file the statement of appointment. *Id.*; *Henry v. State*, 828 S.W.2d 312, 314-15 (Tex. App.—Fort Worth 1992, pet. ref'd). A *de facto* police officer may validly make arrests pursuant to state law. Op. Tex. Att'y Gen. No. DM-381 (1996). We hold that Moreno was authorized to cite appellant for failing to maintain financial responsibility, and that any failure to sign and file the statement of appointment did not affect the validity of the complaint against appellant.

The point of error is overruled and the judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: November 15, 2001

Do Not Publish