Affirmed and Memorandum Opinion filed August 14, 2003
















Affirmed and Memorandum
Opinion filed August 14, 2003.                                                

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01051-CR  

____________

 

SCOTT CHARLES
TEEVAN, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 411th District Court

                                                          Trinity
 County, Texas                      

Trial Court Cause
No. 8503




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            Appellant, Scott Teevan,
appeals from his conviction for the attempted capital murder of Trinity County
Sheriff’s Deputy Shane Turman.  In a single issue, appellant contends the
evidence was legally insufficient to show Turman was
a “peace officer,” as alleged in the indictment.  We apply the usual standard of review.  See Johnson
v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). 
Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion.  Tex.
R. App. P. 47.1.

            A person commits the offense of
capital murder if he murders a peace officer who is acting in the lawful
discharge of an official duty and who the person knows is a peace officer.  Tex.
Penal Code § 19.03(a)(1).  A person
commits criminal attempt if, with specific intent to commit an offense, he does
an act amounting to more than mere preparation that tends but fails to effect
the commission of the offense intended.  Tex. Penal Code § 15.01(a).  The Penal Code defines “peace officer” as “a
person elected, employed, or appointed as a peace officer under Article 2.12,
Code of Criminal Procedure.”  Id. §1.07(a)(36).  Article 2.12
states that “peace officers” include “sheriffs, their deputies, and those
reserve deputies who hold a permanent peace officer license.”  Tex. Code. Crim. Proc. art.
2.12(1).[1]  Both Turman and
Trinity County Sheriff Brent Phillips testified (1) Turman
was a reserve sheriff’s deputy at the time of the incident, and (2) Turman was fully certified and licensed by the State of Texas
as a peace officer.  Appellant points to
no evidence disputing this testimony.

            Instead, appellant argues the
evidence was legally insufficient to prove Turman had
filed his oath of office and his bond with the Trinity County Clerk,[2]
and thus it was insufficient to demonstrate Turman
was a peace officer.[3]  Appellant, however, cites no authority
requiring proof of oath and bond as an element of attempted capital murder, nor
does the indictment in this case require any such proof.

            In Freeman v. State, the Court of Criminal Appeals upheld a conviction
for capital murder of a peace officer, even though the record demonstrated the
officer had not filed a notarized oath of office with the county clerk.[4]  556 S.W.2d 287, 303–04
(Tex. Crim. App. 1977).  The court held the evidence was sufficient to
demonstrate the victim was a de facto deputy sheriff and hence was a peace
officer under the capital murder statute. 
Id. at 304.[5]  In Williams
v. State, the court affirmed a conviction for aggravated assault on a peace
officer because the victim was shown to be a de facto deputy sheriff.  588 S.W.2d 593, 594–95 (Tex. Crim. App. 1979); see
also McGowen v. State, 885 S.W.2d 285, 287–89 (Tex.
App.—Beaumont 1994, no pet.) (affirming convictions
for escaping from a peace officer and for aggravated assault on a peace officer
when officer shown to be de facto reserve deputy).  The Williams
court defined “de facto officer” as

one who has the reputation of being the [sic] officer, and
yet is not a good officer in point of law; in other words, the de facto officer
is one who acts under color of a known and valid appointment, but has failed to
conform to some precedent requirement, as to take the oath, give a bond, or the
like.

588 S.W.2d at 595.

            Here, the evidence demonstrated Turman was appointed as a reserve deputy sheriff.  He was certified and licensed by the State as
a peace officer in 1997, and he had served in that capacity for Trinity
 County and other law enforcement
departments since that time. 
Additionally, at the time of the offense, Turman
was driving a vehicle marked as a Trinity County Sheriff’s Department vehicle, and
was wearing a uniform with department insignia and a department badge.  Accordingly, we find there was sufficient
evidence to demonstrate Turman was a de facto peace
officer at the time of the offense. 
Appellant’s sole issue is overruled.

            The trial court’s judgment is
affirmed.

 

 

                                                                        /s/        Scott Brister

                                                                        Chief Justice

 

Judgment
rendered and Memorandum Opinion filed August
 14, 2003.

Panel consists
of Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish —
Tex. R. App. P. 47.2(b).











[1]
The licensing requirements for peace officers are contained in Texas
Occupations Code Chapter 1701.

 





[2]
Before a reserve deputy can begin his duties he must file an oath and a bond
with the county clerk.  See Tex.
Loc. Gov’t Code § 85.004(c).  

 





[3] The
Trinity County Clerk testified that a search of records revealed neither an
oath nor a bond for Turman.  However, the sheriff testified all deputies
in the county were covered by a general bond.





 

[4] Freeman discussed the application of the
predecessor statute to section 85.004(c) of the Local Government Code.  See Tex. Rev. Civ. Stat.
Art. 6869 (current version at Tex. Loc. Gov’t Code § 85.004(c)).





[5]
The court noted the victim was appointed as a deputy sheriff, filed a bond, and
had filed an unsworn oath.