# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00512-CR

**Rhett W. Pease, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY
### NO. 542-821, HONORABLE SAM ROBERTSON JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Rhett W. Pease guilty of criminal trespass. *See* Tex. Pen. Code Ann. § 30.05 (West Supp. 2004). The court assessed punishment at 180 days' incarceration and a $1000 fine, but suspended imposition of sentence and placed appellant on community supervision. We will affirm.

Appellant represents himself on appeal. He did not pay for the reporter's record and failed to appear at a hearing ordered by this Court to determine his indigence. At the conclusion of the hearing, the court found that appellant is not indigent. We will consider the appeal without a reporter's record from the trial. Tex. R. App. P. 37.3(c).[1]

---

[1] The record does contain the reporter's record from the indigency hearing.

Appellant's first point of error is that the information filed in this cause was invalid because the assistant county attorney who signed the supporting affidavit "was not an officer of the State," apparently because she had not filed the anti-bribery oath required in 1999 when the complaint and information were filed. *See* Tex. Const. art. XVI, § 1. The complaint and information were filed on October 22, 1999. Appellant refers us to a document in the record reflecting that the assistant county attorney filed an anti-bribery oath on January 2, 2001. This is not evidence that she had not previously filed such an oath. Moreover, the failure to file the anti-bribery oath does not affect one's status as a de facto officer. *See Williams v. State*, 588 S.W.2d 593, 595 (Tex. Crim. App. 1979); *Delamora v. State*, 128 S.W.3d 344, 357-59 (Tex. App.—Austin 2004, pet. filed). Finally, appellant does not refer us to an order by the trial court overruling a timely motion to quash the information on this ground. *See* Tex. Code Crim. Proc. Ann. art. 1.14(b) (West Supp. 2004). Point of error one is overruled.

In his second point of error, appellant contends he was denied his right to counsel at trial, he was denied his right to confront his accuser, and his warrantless arrest was unlawful. The clerk's record contains a written waiver of counsel signed by appellant. Without a reporter's record from the trial, we cannot determine the other two contentions. Point of error two is overruled.

Appellant's third and fourth points of error appear to challenge the trial court's determination that he was not entitled to a free record due to indigence. He complains that he did not receive timely notice of the hearing, but the record reflects that notice was sent to the address appellant had provided to the trial court and that he had notice in fact. We find nothing in the record

2

to justify disturbing the trial court's determination that appellant is not indigent. Points of error three and four are overruled.

Appellant's last point of error is a challenge to the sufficiency of the evidence to support the conviction. Without a trial record, this contention presents nothing for review. Point of error five is overruled.

The judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: July 15, 2004

Do Not Publish