# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00272-CR

**Patrick Jay Overman, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT OF LAMPASAS COUNTY
### NO. 16967, HONORABLE WAYNE L. BOULTINGHOUSE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Patrick Jay Overman was charged with driving over the speed limit. *See* Tex. Transp. Code Ann. §§ 542.301, 545.351 (West 1999). He moved to dismiss the charging complaint, arguing that his citation for speeding was void because the state trooper who issued it had not renewed his constitutional oaths of office within the previous two years. *See* Tex. Const. art. XVI, §§ 1, 30(a). The trial court denied Overman's motion to dismiss, and Overman filed this appeal. *See* Tex. Crim. Proc. Code Ann. art. 44.02 (West 2006). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 6, 2008, state trooper Monte R. Carroll ticketed Overman for speeding. Overman pleaded not guilty, and the State filed a charging complaint in Lampasas County Justice Court. Overman moved to dismiss the complaint, arguing that his speeding ticket was void because Trooper Carroll had not renewed his constitutional oaths of office within the previous two years.

*See* Tex. Const. art. XVI, §§ 1, 30(a). Overman attached State records to his motion that showed Carroll had last renewed his oaths in 2005. The court denied Overman's motion, and the parties proceeded to trial. A jury found Overman guilty of speeding. Overman then appealed to the Lampasas County Court. *See* Tex. Crim. Proc. Code Ann. art. 45.042 (West 2006).

Overman asked the County Court to consider his previously filed motion to dismiss. The State filed a reply in which it conceded that Trooper Carroll had not renewed his oaths of office in the previous two years. The State argued, however, that Overman's speeding ticket was not void because (1) Carroll was not required to take the constitutional oaths of office and (2) even if Carroll was required to take the constitutional oaths of office, his failure to do so was inconsequential because he qualified as a "de facto" officer. *See Williams v. State*, 588 S.W.2d 593, 595 (Tex. Crim. App. 1979). The court denied Overman's motion and permitted Overman to file this appeal. *See* Tex. R. App. P. 25.2(a)(2).

## DISCUSSION

Overman makes two arguments on appeal. First, he argues that his speeding ticket was void because the issuing trooper, Monte Carroll, had not renewed his constitutional oaths of office within the previous two years. *See* Tex. Const. art. XVI, §§ 1, 30(a). Second, Overman argues that his speeding ticket cannot be saved from voidness by deeming Trooper Carroll a "de facto" officer.[1]

---

[1] The "de facto officer" doctrine holds that when a State official "acts under the color of a known and valid appointment," his actions are not void for failure "to conform to some precedent requirement as to take an oath, give a bond, or the like." *Williams v. State*, 588 S.W.2d 593, 595 (Tex. Crim. App. 1979). The doctrine

We believe that these arguments are non sequiturs. That is to say, even if we accept Overman's argument that Trooper Carroll was required to renew his oaths every two years and did not qualify as a de facto officer, it still does not follow that the State's prosecution of Overman for speeding was improper.

Overman's prosecution occurred pursuant to a complaint filed in Lampasas County Justice Court. A complaint is a sworn allegation charging the accused with the commission of an offense. Tex. Crim. Proc. Code Ann. art. 45.018(a) (West 2006). A complaint is sufficient if, without regard to its form, it substantially satisfies the following requisites:

(1) it must be in writing;

(2) it must commence "In the name and by the authority of the State of Texas";

(3) it must state the name of the accused, if known, or if unknown, must include a reasonably definite description of the accused;

(4) it must show that the accused has committed an offense against the law of this state, or state that the affiant [who has sworn to the complain] has good reason to believe and does believe that the accused has committed an offense against the law of this state;

(5) it must state the date the offense was committed as definitely as the affiant is able to provide;

(6) it must bear the signature or mark of the affiant; and

---

serves the purpose of legitimizing the acts of public officials who, for one reason or another, have not technically qualified in all respects. This would include the failure to execute the official oath or bond. The courts have deemed it to be in the public interest not to invalidate on a technicality the acts of persons purporting to be public officials.

*Delamora v. State*, 128 S.W.3d 344, 357 (Tex. App.—Austin 2004, pet. ref'd).

> (7) it must conclude with the words "Against the peace and dignity of the State" and, if the offense charged is an offense only under a municipal ordinance, it may also conclude with the words "Contrary to the said ordinance."

*Id*. art. 45.019(a) (West 2006). A facially valid complaint is sufficient to support a prosecution by complaint. *See Wells v. State*, 516 S.W.2d 663, 664 (Tex. Crim. App. 1974). It is the defendant's burden to prove that a complaint is defective. *See Kindley v. State*, 879 S.W.2d 261, 263 (Tex. App.—Houston [14th Dist.] 1994, no pet.). Overman does not claim that the complaint filed against him was facially invalid or otherwise defective.

Furthermore, Overman sought to challenge his complaint by having it dismissed, but "[i]t is well established that there is no general authority that permits a trial court to dismiss a case without the prosecutor's consent." *State v. Mungia*, 119 S.W.3d 814, 816 (Tex. Crim. App. 2003). Notwithstanding this general rule, there are limited circumstances in which a trial court may dismiss a charging instrument without the prosecutor's consent: when a defendant has been denied the right to a speedy trial; when there is a defect in the charging instrument; when a defendant is detained and no charging instrument is properly presented; when a defendant's Sixth Amendment right to counsel has been violated; and perhaps when other, as-yet-unspecified constitutional violations occur. *Id*. at 816-17. Overman does not claim that any of these circumstances exists here. Thus, he has given us no basis to conclude that the trial court even had the power to dismiss the complaint filed against him.

For these reasons, we affirm the order denying Overman's motion to dismiss.

4

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   December 1, 2010

Do Not Publish