TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-09-00272-CR




Patrick Jay Overman, Appellant

v.

The State of Texas, Appellee




FROM THE COUNTY COURT OF LAMPASAS COUNTY
NO. 16967, HONORABLE WAYNE L. BOULTINGHOUSE, JUDGE PRESIDING


 
M E M O R A N D U M O P I N I O N

                        Patrick Jay Overman was charged with driving over the speed limit. See Tex. Transp.
Code Ann. §§ 542.301, 545.351 (West 1999). He moved to dismiss the charging complaint, arguing
that his citation for speeding was void because the state trooper who issued it had not renewed his
constitutional oaths of office within the previous two years. See Tex. Const. art. XVI, §§ 1, 30(a). 
The trial court denied Overman’s motion to dismiss, and Overman filed this appeal. See Tex. Crim.
Proc. Code Ann. art. 44.02 (West 2006). We affirm.
 
FACTUAL AND PROCEDURAL BACKGROUND
                        On June 6, 2008, state trooper Monte R. Carroll ticketed Overman for speeding. 
Overman pleaded not guilty, and the State filed a charging complaint in Lampasas County Justice
Court. Overman moved to dismiss the complaint, arguing that his speeding ticket was void because
Trooper Carroll had not renewed his constitutional oaths of office within the previous two years. 
See Tex. Const. art. XVI, §§ 1, 30(a). Overman attached State records to his motion that showed
Carroll had last renewed his oaths in 2005. The court denied Overman’s motion, and the parties
proceeded to trial. A jury found Overman guilty of speeding. Overman then appealed to the
Lampasas County Court. See Tex. Crim. Proc. Code Ann. art. 45.042 (West 2006).
                        Overman asked the County Court to consider his previously filed motion to dismiss. 
The State filed a reply in which it conceded that Trooper Carroll had not renewed his oaths of office
in the previous two years. The State argued, however, that Overman’s speeding ticket was not void
because (1) Carroll was not required to take the constitutional oaths of office and (2) even if Carroll
was required to take the constitutional oaths of office, his failure to do so was inconsequential
because he qualified as a “de facto” officer. See Williams v. State, 588 S.W.2d 593, 595 (Tex. Crim.
App. 1979). The court denied Overman’s motion and permitted Overman to file this appeal. See
Tex. R. App. P. 25.2(a)(2).

DISCUSSION
                        Overman makes two arguments on appeal. First, he argues that his speeding ticket
was void because the issuing trooper, Monte Carroll, had not renewed his constitutional oaths of
office within the previous two years. See Tex. Const. art. XVI, §§ 1, 30(a). Second, Overman
argues that his speeding ticket cannot be saved from voidness by deeming Trooper Carroll a
“de facto” officer.


 
                        We believe that these arguments are non sequiturs. That is to say, even if we accept
Overman’s argument that Trooper Carroll was required to renew his oaths every two years and did
not qualify as a de facto officer, it still does not follow that the State’s prosecution of Overman for
speeding was improper.
                        Overman’s prosecution occurred pursuant to a complaint filed in Lampasas County
Justice Court. A complaint is a sworn allegation charging the accused with the commission of an
offense. Tex. Crim. Proc. Code Ann. art. 45.018(a) (West 2006). A complaint is sufficient if,
without regard to its form, it substantially satisfies the following requisites:
 
(1) it must be in writing;
 
(2) it must commence “In the name and by the authority of the State of Texas”;
 
(3) it must state the name of the accused, if known, or if unknown, must include a
reasonably definite description of the accused;
 
(4) it must show that the accused has committed an offense against the law of this
state, or state that the affiant [who has sworn to the complain] has good reason to
believe and does believe that the accused has committed an offense against the law
of this state;
 
(5) it must state the date the offense was committed as definitely as the affiant is able
to provide;
 
(6) it must bear the signature or mark of the affiant; and
 
(7) it must conclude with the words “Against the peace and dignity of the State” and,
if the offense charged is an offense only under a municipal ordinance, it may also
conclude with the words “Contrary to the said ordinance.”
 

Id. art. 45.019(a) (West 2006). A facially valid complaint is sufficient to support a prosecution by
complaint. See Wells v. State, 516 S.W.2d 663, 664 (Tex. Crim. App. 1974). It is the defendant’s
burden to prove that a complaint is defective. See Kindley v. State, 879 S.W.2d 261, 263
(Tex. App.—Houston [14th Dist.] 1994, no pet.). Overman does not claim that the complaint filed
against him was facially invalid or otherwise defective.
                        Furthermore, Overman sought to challenge his complaint by having it dismissed, but
“[i]t is well established that there is no general authority that permits a trial court to dismiss a case
without the prosecutor’s consent.” State v. Mungia, 119 S.W.3d 814, 816 (Tex. Crim. App. 2003). 
Notwithstanding this general rule, there are limited circumstances in which a trial court may dismiss
a charging instrument without the prosecutor’s consent: when a defendant has been denied the right
to a speedy trial; when there is a defect in the charging instrument; when a defendant is detained and
no charging instrument is properly presented; when a defendant’s Sixth Amendment right to counsel
has been violated; and perhaps when other, as-yet-unspecified constitutional violations occur. Id.
at 816-17. Overman does not claim that any of these circumstances exists here. Thus, he has
given us no basis to conclude that the trial court even had the power to dismiss the complaint filed
against him.
                        For these reasons, we affirm the order denying Overman’s motion to dismiss.
 
 
                                                                        __________________________________________
David Puryear, Justice
Before Justices Patterson, Puryear and Henson
Affirmed
Filed: December 1, 2010
Do Not Publish